WAY, Receiver of the MARSHALL MUTUAL INSURANCE COMPANY *vs.* BILLINGS.

The production of the charter and acts of *user* under it, are sufficient to prove the existence of a corporation.

The admission in a premium note, of the policy of insurance, its number and date, are sufficient evidence for the purposes of trial, of the actual issuing of, and contents of such policy, in the absence of any special plea or notice of defense, for want of consideration.

Plaintiff, in an action upon a premium note, having given the defendant notice to produce the policy upon which it was given at the trial, which he refused to do, made the affidavit required by section 100, page 461, R. S., 1846, and setting forth the facts in the knowledge of the defendant, to be the issuing of the policy, its number, its receipt by defendant, its contents, and the policy: Held, that under the affidavit plaintiff was entitled to examine the defendant as to the existence of the policy, its receipt by him, its contents, and to its production in Court, if in his possession, or subject to his control.

Where a party sworn as a witness under R. S., p. 461, § 100, gives an answer clearly evasive and uncandid, the Court should permit the broadest latitude of inquiry necessary to elicit the truth and effectuate the object of the law.

The defendant being sworn as a witness under the statute, (*R. S.*, 1846, *page* 461,) was asked if he ever received a policy of insurance of a certain number, (641,) to which he replied: "I don't recollect the number." Afterward he was asked the following several questions, viz: If he ever received the policy of insurance in question? If he had in his possession a policy of insurance issued by the company? Also, to look upon the policy of insurance in his possession, and to state whether it was numbered 641. Held, that all the questions were competent, and that under his affidavit the plaintiff had the right to examine the defendant generally, as to the fact of his having received the policy, and every particular relating to it.

Case reserved by the County Judge of Lenawee County, upon motion to set aside a non-suit, and for a new trial.

This case was brought in the Lenawee County Court, upon a promissory note given by the defendant to the Marshall Mutual Insurance Company, in consideration of Policy No. 641, issued by said company to defendant, dated October 26, 1843. The declaration set forth the promissory note, application, policy of insurance, loss by fire, an assessment made by order of the Court of Chancery, the dissolution of the corporation, and the appointment of plaintiff as receiver, &c. Plea, general issue, and *nul tiel corporation.* The cause was brought on for trial on the 4th day of February, 1851. The act of incorporation of the Marshall Mutual Insurance Company was produced in evidence and it was proved that the company kept an office in the village of Marshall, issued policies of insurance, had a secretary, &c.

The execution of the application for insurance and premium note was admitted by defendant, and that said note was given to Mr. Rice,

the agent of the company residing at Adrian, to be forwarded to the company, at Marshall. James M. Parsons testified that he was secretary of the company at that time, and that he received said application and premium note from Mr. Rice, and that on the day of the date of said note, he issued a policy of insurance pursuant to the application, to the defendant, and forwarded the same to him at his place of residence, but was unable to state whether the said policy was forwarded by mail or private conveyance, that said application was approved by Philo Dibble, at that time one of the directors of said company.

The plaintiff then offered in evidence a certified copy of a decree of the Circuit Court for the county of Wayne, in Chancery, in favor of Chas. M. Lee, against the Marshall Mutual Insurance Company, showing a loss by fire in the sum of $6,267, which was objected to by the defendant on the ground that defendant had not been identified as a member of the company, and the objection was sustained by the Court. The plaintiff having given the defendant notice to produce the policy of insurance in question, which defendant refused to do, made an affidavit as required by section 100, page 461, R. S. 1846, and called said defendant as a witness, who testified that he did not know the number of the policy. Several questions were then propounded to the witness which were overruled by the Court, whereupon the plaintiff demanded that the defendant should be sworn in chief, which was objected to by defendant's counsel on the ground that under the general issue pleaded without special plea, the defendant could not be called on as a witness, which objection was sustained by the Court. The plaintiff then offered a decree of the Calhoun Circuit Court, in Chancery, making an assessment of 20 per cent. on all notes in force on the 8th of January, 1844, which was objected to and the objection sustained. The plaintiff offered affidavits of the publication of notices of assessment, which was objected to and objection sustained. The plaintiff finally offered in evidence a decree of the Calhoun Circuit Court, in Chancery, dissolving said corporation, and appointing the plaintiff receiver, which on objection of defendant, on the ground that he was not proven to be a member of the company, was ruled out by the Court. The plaintiff became nonsuit, and thereupon moved for a new trial.

*I. E. Crary*, for plaintiff.

*Baker & Millerd*, for defendant.

By the Court, MARTIN, J.

The testimony exhibited on the trial of this cause was sufficient to prove the existence of the Marshall Mutual Insurance Company; (*See Cahill* vs. *Kal. Mut. Ins. Co.*, 2 *Doug.*, 124; *Henriques* vs. *Dutch West India Co.*, 2 *Ld. Raym*, 1535; *Den* vs. *Van Hauten*, 5 *Halst*, 270; *Congreg. Soc.* vs. *Perry*, 6. *N. Hamp.* 164; *All Saints' Church* vs. *Lovett*, 1 *Hall, N. Y.*, 191; *Johns* vs. *Farm. & Mech's. Bank*, 2 *Black;ᶜ*, 367;) and also, the application of the defendant for insurance of his property, and the execution and delivery of the premium note.

The admission of the defendant in that note, of the policy, its number and date, was sufficient *prima facie* evidence of its existence for the purposes of the trial, and the plaintiff could not be compelled by any known rule of evidence to prove the actual issuing, and contents of such policy, after such admission, in the absence of any special plea, or notice of defense for want of consideration.

But conceding the necessity of proving the contents of the policy, and its actual receipt by the defendant, the plaintiff was clearly entitled to answers to the questions propounded by him to the defendant. He had given notice for its production upon the trial, or that parol proof of its contents would be given. Failing in procuring the production of the policy, he made an affidavit as prescribed by § 100 of chapter 102 of the revised statutes, that certain facts material to the issue in this cause were within the knowledge of the defendant, and that there was no competent witness, whose testimony he could procure, by whom such facts could be proved. "That the said facts so in the knowledge of said defendant are" (in the language of the affidavit,) "that the policy of insurance mentioned in the declaration in this case, numbered 641, was issued, and received by the said defendant, and the contents of such policy, and the policy itself." Under this affidavit the plaintiff was entitled to examine the defendant as to the existence of the policy, its receipt by him, its contents, and to its production, if in his possession or subject to his control. In short, he had all the right which a Court of

Equity could have afforded him upon a bill of discovery. The defendant was accordingly sworn, and having testified that he made the application for a policy of insurance, upon which it was claimed the policy in question issued, he was asked, "Did you ever receive a policy of insurance from the Marshall Mutual Insurance Company, numbered 641?" To this question the witness replied; "*I don't recollect the number.*"

Shifting the inquiry, then, so as to attain the object of the examination, the witness was then asked the following questions:

1. Did you ever receive a policy of insurance issued by the Marshall Mutual Insurance Company?"

2. Have you in your possession a policy of insurance issued by the Marshall Mutual Insurance Company?

3. Have you in Court a policy of insurance issued by the Marshall Mutual Insurance Company?

4. Will you look upon the policy of insurance in your possession and state whether it is numbered 641?

Each of these questions was met by objections of the defendant's counsel, and the objections sustained by the Court.

It is difficult to conceive upon what grounds these questions were prohibited. The answer of the witness, defendant, to the question whether he ever received a policy of insurance from the company, numbered 641, was so clearly evasive and uncandid, that the Court would not only have been warranted, but was required from regard to the rights of the plaintiff and respect to its own authority, to permit the broadest latitude of inquiry necessary to elicit the truth, and effectuate the objects of the law. To permit a witness to avoid a discovery by so palpable an evasion would render Courts of justice utterly incompetent for the purposes of their creation. We know of no immunity to the defendant in such cases, that would not attach to any witness, and a reluctant witness may always be pursued with questions calculated to withdraw him from his defiant position.

But irrespective of these views, the questions were clearly competent. The plaintiff had a right to examine the defendant generally as to the fact of his having received a policy from the company, and every particular respecting it. Suppose upon such an examination the defend-

ant had testified to the receipt of a policy about the time of the transaction, but that he had lost it, and could not state its number or contents. Would the plaintiff have been estopped by such answers from pursuing the inquiry further to ascertain whether it was executed under this application for insurance, or would not a Court, or a jury, were one empannelled, have been authorized, and indeed bound to conclude that the policy lost, was the one sought by the plaintiff? Most assuredly so.

The error of the Court below in this particular, evidently crippled the plaintiff in the further progress of the cause, and many of the questions subsequently raised may be clearly traced to it. It becomes therefore unnecessary to consider the remaining questions, and it must be certified that the non-suit should be set aside and a new trial granted.

Certified accordingly.