## Thomas Hogan and James Carson vs. Abner Sherman.

Where an action was brought, in the name of the payee, upon a note not negotiable, and no evidence had been given, on the part of the plaintiff, that the payee was not the real owner of the demand; and defendants under plea of the general issue, and notice that the note was given for money won at playing cards, offered in evidence the written declaration of the plaintiff, that he had not then, and and never had, any property in the note; that, at about the time it was given, the maker, and another person, played at cards, and both parties informed him that the note was given for money won at cards; that it was made payable to him without his knowledge or consent; and that he did not know, at the time of making this statement, who was the owner of the note;—*Held*, That this statement was proper evidence. While it shows no cause of action in plaintiff, it shows none, legal or equitable, in any other person.

Where one party has voluntarily made his trustee or agent the ostensible principal, and the only one capable of legal action, he will be bound by the admissions of such trustee or agent.

Where action is brought in the name of one person, for the benefit, as is claimed, of a *bona fide* assignee, the question whether there has been a *bona fide* assignment is not for the Court, but for the jury; and the Court, therefore, is not warranted in excluding the admissions of the nominal plaintiff, on the assumption that such assignment has been established by evidence.

The office of an affidavit, made by one party to a suit, for the purpose of taking the testimony of the other, is to point out the fact to be proved, and not the evidence of that fact. Within the range of the affidavit, the party is to be examined like any other witness, and it is as competent for him to prove a fact by the admissible declarations of others, as it is for any other witness.

*Heard May 11th. Decided May 12th.*

Error to Wayne Circuit.

The case is sufficiently stated in the opinion of the Court.

*Wm. Gray* and *S. Larned*, for plaintiffs in error:

The written admissions of the plaintiff should have been received. When they were offered, there was no evidence of ownership in any other person. We concede the rule, that, after an assignment, the assignor can not make admissions which impair the rights of his assignee; but, it must first appear that there is an assignee—some one whose admissions are evidence.— *Chisholm vs. Newton*, 1 *Ala.* 372; 1 *Greenl. Ev.* § 172; *Campbell vs. Day*, 16 *Vt.* 558.

The deposition of Sherman was inadmissible under the affidavit made by Carson.— *Way vs. Billings*, 2 *Mich.* 397. Whenever the knowledge of a witness is such as to render 'his testimony to a fact competent, he has knowledge of the fact, and it is immaterial whether he acquires the knowledge by sight, touch, or hearing. A witness will not be allowed to testify to a fact he does not know, but he is permitted to prove the fact by the admission of the party in interest; such admission gives him knowledge of the admitted fact.

*Towle, Hunt & Newberry*, for defendant in error:

The written paper signed by Sherman, was properly ruled out. An admission can only be made by the party who has an interest in the subject-matter to be affected by it; but this paper itself shows that *Sherman had parted with all his interest in the note sued upon.* Admissions made by the assignor, after the assignment, can not avail against the assignee, and courts will protect the latter against all the acts of the

former.—1 *Greenl. Ev.* §§ 172, 173; *Welch vs. Mandeville*, 1 *Wheat.* 233; *Hough vs. Barton*, 20 *Vt.* 455; *Dazey vs. Mills*, 5 *Gilm.* 67; *Frear vs. Evertson*, 20 *J. R.* 142; *Hackett vs. Martin*, 8 *Greenl.* 77.

The deposition of Sherman was properly ruled out. It does not give any evidence as to the particular fact set out in Carson's affidavit. That fact was a single one, to wit, that the note was given for money lost at gaming. As to that, Sherman swears that he does not know anything about it, but he does know *another* fact, to wit, that Westbrook had told him certain things. Now, proof of this fact, to wit, that Westbrook had told him those things, might in a proper case be admissible in evidence against Westbrook, as showing that he, the party in interest, had made *admissions*. But an admission is itself a *fact*. Inasmuch as the affidavit did not set forth this particular fact, Sherman could not lawfully be examined in relation to it.—*McBride vs. Cicotte*, 4 *Mich.* 486 *to* 494.

The deposition was inadmissible, for the reason that it showed on its face that the exact facts set forth in the affidavit could be proved by Westbrook. Though interested, he could have been compelled to testify under the statute.

CAMPBELL J.:

Sherman, the defendant in error, brought an action against Hogan, as maker, and Carson, as endorser, of a due-bill, not negotiable, made payable to Sherman, and obtained judgment in the Circuit Court.

Upon the trial in the Court below, the plaintiff introduced evidence of the signatures of the defendants, and rested. The defendants then offered in evidence a paper signed by Sherman, the plaintiff below, and entitled in the cause, of the following tenor: "I admit and certify that I have no property or interest in the promissory note declared upon in the above entitled cause, and that I never had any. That about the time it was given, I was aware that the defendant Hogan

HOGAN *vs.* SHERMAN.

and one Westbrook, known as T. Westbrook, played at cards, but I was not present when the game concluded, or when the note was given. That said Hogan and said Westbrook both informed me that the consideration of said note was for money won by playing at cards, from said Hogan by said Westbrook; that when said Hogan so informed me, he requested me not to endorse said note; I promised that I would not. That said Westbrook afterwards requested me to endorse said note and I did so; but afterwards remembering my promise to Hogan, I caused the endorsement to be erased. Said note was then owned by said Westbrook. I have no reason to doubt the truth of the statements made to me, as to the consideration of said note. The said note was made payable to me without my knowledge or consent. And I further state, that I know of no reason why said note was made payable to me, and I can not now say who owns said note."

This evidence was objected to, and rejected, and the defendants excepted to its rejection.

Carson, one of the defendants, made and filed an affidavit, stating that the consideration of the due-bill was money won at gaming, from Hogan by Westbrook; and that the fact was within the knowledge of the plaintiff, and that there was no competent witness by whom he could prove the same. The deposition of Sherman was taken under this affidavit; and he testified substantially according to his written admission. The evidence was rejected, and the defendants excepted. This testimony was rejected on the ground that it consisted mainly of facts made known to Sherman by the admissions of Westbrook, and did not therefore correspond with the affidavit.

The first ground of error alleged is, That the Court below improperly rejected the admissions of Sherman, the plaintiff of record. We think this rejection was erroneous. The case, as it stood when the plaintiff closed his evidence, did not disclose any interest in any other person. Sherman

appeared to be the real and not a nominal plaintiff. It would be very strange if a defendant were not at liberty to meet such a case by the plaintiff's own declarations, even if not made in the formal shape in which this statement appears. But it is claimed that the admission of Sherman contained in itself evidence that he was not the real plaintiff; and it is urged that the declarations of an assignor are not competent to impeach the title of his assignee. We are not disposed to question the doctrine that an assignor can not, after the *bona fide* assignment of a chose in action, and notice to the debtor, admit away his assignee's title; but we do not perceive the applicability of that rule to this case. The plaintiff, while admitting that he has no claim, and never had any, to the due-bill in suit, as explicitly denies that he has assigned or disposed of it to any one. It could by no process become the property of any one else, without such assignment. And while this admission shows no cause of action in himself, it shows no cause of action legally or equitably belonging to any one else. For this reason, if for no other, it was admissible.

But we do not regard the law as in any way establishing the doctrine that the admissions of a plaintiff of record are to be excluded, even where there is evidence of an assignment. The declarations of a party in interest are always admissible in derogation of his own title. The plaintiff of record generally stands (except in official suits and like cases) as the ostensible party in interest. If it is objected to the admissibility of his declarations that he has parted with his interest, that fact is open to controversy, and its decision belongs, not to the Court, but to the jury. If the fact of such assignment appears in his admissions, it is for the jury to determine how much of the admission is credible, and how much to be disregarded. — 1 *Greenl. Ev.* § 201. If a Court assumes to reject his statements because there is evidence that he has parted with his interest, it is encroaching upon the province of the jury, by deciding upon a fact which is

important in arriving at a verdict. There are, it is true, some cases which seem to hold that such declarations are inadmissible, and should be rejected; but we do not perceive the force of their reasoning. No such ruling is necessary to save the rights of assignees. That object may be fully obtained by leaving all the facts to the jury, under instructions from the Court, that if they find a proper and valid transfer of interest to have been made, they shall disregard all subsequent declarations of the assignors. This is the only way whereby the rights of all parties can be preserved.— 1 *Greenl. Ev.* §§ 171, 172, 173, and *Notes;* 1 *Saund. Pl. and Ev.* 71, *et seq.* But, as we have already intimated, there is nothing in this admission tending to show an assignment —much less a *bona fide* assignment. No change of interest whatever appears to have taken place; and even if Sherman could be regarded as Westbrook's trustee or agent, the latter would be bound by his admissions, in a case of this description, where he has voluntarily made him the ostensible principal, and the only one capable of legal action.—*Bauerman vs. Radenius,* 7 *T. R.* 664; *Gibson vs. Winter,* 5 *Barn. & Ad.* 96.

We are also of opinion that under the affidavit of Carson it was proper to examine Sherman upon any fact showing the consideration of the note, concerning which, if he had been a general witness, he could have given evidence. The office of the affidavit is to point out the fact to be proved, and not the evidence of that fact. The case of *Way vs. Billings,* 2 *Mich.* 397, fully illustrates this. Within the range of the affidavit, the party is to be examined like any other witness. It is as competent for him to prove a fact by the admissible declarations of others, as it is for any other witness. He is received by law whenever it is made to appear that there is no other competent witness who can testify upon the specified facts. A competent witness here means one competent to testify generally, and laboring under no legal disqualification. Where several individuals know the

same fact, of course any of them may be called by the adverse party, upon a proper showing.

We are asked to give to the statute allowing the examination of parties a strict construction, because it is an innovation upon the common law, and to restrict parties from availing themselves of its privileges, as far as can be done without violence to its language. It is no part of our duty to interfere with the expressed intent of the Legislature on this subject. The law in question does not impair private rights. We are bound to give it a fair and sensible construction, to carry out the legislative will. With its policy we have nothing to do. But we do not regret any legislation which opens the door to let in the truth.

MANNING and CHRISTIANCY JJ. concurred. MARTIN Ch. J. did not sit in this cause.

*Judgment reversed, and new trial ordered.*