### No. 3390.—J. O. NOYES v. SIGMUND LOEB.

An action to annul a judgment may be entertained as a general rule, if it be shown that the
machinery of the court has been abused. In such a case the court will prefer to excuse
an inadvertence rather than to encourage a fraud.

A judgment will be annulled if it be shown that the instrument on which it is based has
been paid or satisfied before the institution of suit, and the fact of payment concealed.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J.
Henry B. Kelley, for plaintiff and appellant. B. R. Foreman, for
defendant and appellee.

HOWE, J.  This case, which is a suit of nullity, was before us last
winter upon the peremptory exception of no cause of action, and we
had occasion to decide that the petition showed a cause of action and
to reverse the judgment of the lower court. 23 An. 13. The cause
being remanded for a trial on the merits, judgment was given by the
lower court in favor of defendant, and the plaintiff has again appealed.

The judgment sought to be annulled was rendered in the case of
Loeb v. Noyes upon a promissory note for $1791 09 during the absence
of Noyes and his counsel. That it was rendered in their absence is,
of course, in itself, no reason for annulling it. It might under some
circumstances be a reason for declining to annul on the ground of
laches. But there are cases where the maxim *litigatoris absentia Dei
presentia refleatur* applies in full force; and a court of justice perceiv-
ing that its machinery has been abused will prefer to excuse an inad-
vertence rather than to encourage a fraud. The case at bar belongs to
this class. It would be against good conscience to execute the judg-
ment sought to be annulled.

The plaintiff in the suit of nullity has established enough of the
allegations of his petition to satisfy us of this. 23 An. 13.

Among other facts he has shown that the note on which the judg-

Noyes v. Loeb.

ment was rendered had been paid to the extent of $1000 and the balance remitted by agreement with the then holders; that Sigmund Loeb, plaintiff in the judgment, acquired the note long after maturity; that the note itself had a credit of $500 indorsed on it and a memorandum at the foot of the credit: "Paid to Sigmund Loeb & Co.;" that these indorsements were erased and no explanation offered of such alteration; and that Sigmund Loeb proceeded to take judgment for the whole amount of the note in the absence of his adversary. If the document on which judgment was thus rendered was not forged, it was at least falsified, and the case is brought within the article 607 of the Revised Code of Practice.

The case is stronger in favor of the appellant than that of Beauchamp v. McMicken, 7 N. S. 607, for in that case Beauchamp confessed judgment upon a document purporting to be a copy of a lost draft, and it might have been urged that he had fully admitted the correctness of the copy. Yet it appearing to have been false, the court, Martin, Judge, said: "Truth must be the basis of all judgments, and where one is obtained on false documents made by the party in whose favor it is rendered, the detection of the falsity must entitle the opposite party to relief, even where there is no malice."

It is therefore ordered that the judgment appealed from be reversed. It is further ordered that the judgment in the suit No. 1165 of the docket of the Sixth District Court for the parish of Orleans, in favor of Sigmund Loeb v. James O. Noyes, for the sum of $1791 09, rendered March 16, 1870, and signed March 23, 1870, be annulled; that the preliminary injunction issued herein on the twenty-sixth April, 1870, commanding Sigmund Loeb and the civil Sheriff of the parish of Orleans to desist from attempting to enforce or execute said judgment be made perpetual; and that Sigmund Loeb pay the costs of both court.

Rehearing refused.