[No. 6,769.—Department Two.]

P. B. LADD, EXECUTOR, ETC. v. JOHN PARNELL ET AL.

UNDERTAKING ON APPEAL — JUDGMENT AGAINST SURETIES — CONSTITUTIONAL LAW.—The statute permitting judgment to be entered on motion against sureties on undertakings on appeal, after affirmance of the judgment, is not unconstitutional.

APPEAL from a judgment for the plaintiff, in the Twenty-third District Court, City and County of San Francisco. THORNTON, J.

*J. C. Bates*, for Appellants.

A surety has a right to a trial, and to show that he has been discharged ; and to deprive him of such right would be unconstitutional and void.

If a person should sign any instrument to the effect that judgment should be rendered against him in thirty or sixty days after a certain event happens, it does not obviate the necessity of properly bringing him into court in such a manner as to afford him a right to plead any defense he may have.

A cause cannot be tried on affidavits, *ex parte*, under our Constitution, which entitles every person to a trial by jury.

If the act, § 942 of the Code of Civil Procedure, contemplates that a judgment can be rendered against a surety merely on motions and affidavits, without right to oppose by affidavits, it is clearly void. Then, if issue by affidavits is raised, such issues, under precedent and practice for one hundred years, must be tried by Court, and not by a jury, as every person is entitled under the laws of the land ; and it is depriving a person of property without due process of law, and without being

properly summoned, and is void. (*Belcher* v. *Chambers*, 53 Cal. 635; *Pennoyer* v. *Neff*, 95 U. S. 714.)

Certainly mere signing a bond on appeal is not an appearance in case. (Code Civ. Proc. § 1014.)

Nor does a person thereby waive *trial* by jury. (Code Civ. Proc. § 631; art. i, § 7, Const. Cal.)

*P. B. Ladd*, for Respondent.

The provisions of § 942 became a part of the contract. (*Methodist Church of N. Y.* v. *Barker*, 18 N. Y. 463; *Matoon* v. *Elder*, 6 Cal. 57, 59); and the sureties thereby waived a jury trial. (*Russell* v. *Elliott*, 2 Cal. 245, 247; 16 id. 249; *Anderson* v. *Keep*, 38 Ala. 315.) And such a law is constitutional. (*Chaffee* v. *Thomas*, 5 Mich. 53; *Davidson* v. *Farrell*, 8 Minn. 258.)

The COURT:

The judgment in this cause is affirmed. The sureties on the undertaking upon appeal were notified of the motion for judgment, and failed to appear. We see nothing in the point that § 942 of the Code of Civil Procedure, allowing judgment on motion against the sureties, where they have subscribed such an undertaking as is required by that section, is unconstitutional.

Judgment affirmed.