[No. 7,779.—In Bank.]
June 28, 1882.

## JOSEPH H. MEREDITH v. THE SANTA CLARA MINING ASSOCIATION OF BALTIMORE.

UNDERTAKING ON APPEAL—JUDGMENT AGAINST SURETIES—NOTICE.—Where an undertaking is given under Section 942, C. C. P., to stay the execution of a judgment or order directing the payment of money, and the judgment or order is affirmed, the prevailing party is entitled—if the appellant does not pay the judgment or order within thirty days after the filing of the remittitur—to have judgment against the sureties upon his motion; and of this motion the law requires no notice; for the sureties stipulate in the undertaking that judgment may be so entered.

ID.—ID.—SATISFACTION OF JUDGMENT—PRACTICE.—In such cases, if, in fact, the original judgment was paid, although not satisfied of record, the parties have their remedy, under Section 675, C. C. P., to have satisfaction entered, and for that purpose, to recall any execution which may have been issued against them; or they may have the judgment vacated or annulled.

ID.—ID.—PRESUMPTION IN FAVOR OF JUDGMENT.—In this case, there being nothing in the judgment-roll to the contrary, the intendment is, if necessary, that the Court below found that the appellants had notice.

APPEAL from a judgment from the plaintiff in the Superior Court of the County of Santa Clara. BELDEN, J.

*Garber, Thornton & Bishop,* for Appellants.

The judgment against appellants is void, because rendered without due process of law. The liability of the sureties upon the undertaking depended upon—1. The execution by them of the undertaking; 2. the affirmance of judgment; 3. the filing of the remittitur in the Superior Court thirty days before; 4. the non-payment of the judgment by the appellant; 5. the non-payment of the judgment by the sureties. These were all questions of fact, which the sureties had the right to put in issue, and upon which they were entitled to a hearing and a trial in the due course of legal proceeding, and according to those rules and forms which have been established for the ascertainment of disputed issues of fact. The Legislature has not the power to deprive them of this right, nor even to abridge it. (*Westervelt* v *Gregg*, 2 Kern. 209; *Taylor* v. *Porter*, 4 Hill, 146; *Murray's Lessee* v. *Hoboken Land Co.*, 18 How. (U. S.) 272.)

An issue of this kind cannot be tried upon affidavits. (*Fay* v. *Cobb*, 52 Cal. 313.)

There is no provision of the law for the entry of judgment upon an undertaking such as the one in question. (C. C. P., § 942. Whatever the cause—whether through inadvertence or otherwise—the Legislature failed to expressly give the Courts jurisdiction to enter judgment upon the class of undertakings of which that at bar is one; and not having expressly conferred such jurisdiction, it is not to be taken by inference, nor presumed to exist. (See *French Bank Case*, 53 Cal. 495.)

The whole section is in derogation of the common law, and is to be strictly construed. It operates (if constitutional) to deprive the citizen of a common law right, and is not to be enlarged by implication.

All that is expressed in the section is, that to stay proceedings the sureties must stipulate that a judgment may be entered against them. But of course this does not confer jurisdiction upon the Courts, to do the thing which the parties stipulated. Parties can only authorize the entry of judgment by virtue of the law; and if there be no law, there can be no judgment.

*Craig & Meredith,* for Respondent.

This mode of procedure is due process of law. (*Beall* v. *New Mexico,* 16 Wall. 535; *Davidson* v. *Farrell,* 8 Minn. 262; *Wright* v. *Simmons,* 1 Sm. & Marsh. L. (Miss.) 389; *White* v. *Prigmore,* 29 Ark. 211; *Chappee* v. *Thomas,* 5 Mich. 59; *Ladd* v. *Parnell,* 57 Cal. 232; *Wood* v. *Orford,* 56 id. 157.)

The authorities referred to are full to the point that the constitutional requirements do not impose on Legislatures the duty of providing that previous notices of such motions should be given.

The sureties become actual parties, submit to the jurisdiction, and authorize the judgment by the voluntary act of entering into the bond or recognizance. (C. C. P., § 942; *Taylor* v. *W. P. R. R. Co.,* 45 Cal. 337.)

McKee, J.:

A money judgment having been originally entered in this case against the corporation defendant, it appealed to the Su-

preme Court, and, for the purpose of staying execution of the judgment, an undertaking on appeal was given, pursuant to Section 942 of the Code of Civil Procedure. The judgment appealed from was afterwards affirmed, and the remittitur, issued upon the affirmance of the judgment, was filed in the lower Court. Thirty days after the filing of the remittitur —it appearing from the record that the judgment had not been satisfied—the Court below, on an order to show cause, rendered judgment against the sureties on the undertaking, pursuant to Section 958, C. C. P., and from this judgment comes the appeal in hand.

It is contended that the judgment rendered against the sureties is void, because the Court had no jurisdiction over their persons; because it was given without due process of law, and without reasonable notice; and because the section of the Code under which it was given is unconstitutional. It is conceded that the lower Court had jurisdiction of the subject-matter of the suit, and of the defendant against whom the original judgment was rendered, and from which that defendant appealed. Now, that appeal was a continuation of the action; by it the original judgment entered in the action was suspended until the appellate Court had determined its validity; and when the sureties to the undertaking on appeal agreed that, in case of the affirmance of the judgment, or of any part of it, by the appellate Court, and of its non-payment by the judgment debtor, judgment might be entered also against them, in the Court from whose judgment the appeal was taken, according to the law under which the appeal was taken, they, in legal effect, voluntarily made themselves parties to the action, and submitted themselves to the jurisdiction of the Court. The Court, therefore, had jurisdiction not only over the person of the original defendant to the action, but also, over the persons of the sureties to the undertaking on appeal in the case, until enforcement of any judgment recoverable against them as parties to the action.

And, having voluntarily made themselves parties to the action and submitted themselves to the jurisdiction of the Court, they also assented to and adopted all the provisions of the law for the enforcement of the obligation incurred by their undertaking, and waived any constitutional or statutory

right in its enforcement to which they might have been other-wise entitled. Such rights may be waived (*Sarver* v. *Garcia,* 49 Cal. 218; *Cummins* v. *Scott,* 23 id. 526; *Quivey* v. *Gambert,* 32 id. 309; *McDonald* v. *McConkey,* 54 id. 143; *Millard* v. *Hathaway,* 27 id. 119); and a stipulation by parties to an action that judgment may be entered against them on a certain contingency is a distinct act of waiver. (*Keys* v. *Warner,* 45 id. 60.) As against such an act, the want of original process necessary to have made them parties originally cannot be invoked.

Nothing is to be found in the Constitution which prohibits any one from making himself a party to an action pending in a Court, or from voluntarily submitting himself to the jurisdiction of the Court, and stipulating that judgment may be entered against him in the action. "A Constitution would become a very officious instrument if it sought to force its protection upon any man against his will." (*Chappee* v. *Thomas,* 5 Mich. 60.) The section of the Code under which the judgment was entered against the sureties on their appeal bond, does not, therefore, conflict with the Constitution. (*Ladd* v. *Parnell,* 57 Cal. 232.) "A party," says Mr. Justice Bradley, in *Beall* v. *New Mexico* (16 Wall. 540), "who enters his name as surety on an appeal bond, does it with a full knowledge of the responsibilities incurred. In view of the law relating to the subject, it is equivalent to a consent that judgment shall be entered up against him if the appellant fails to sustain his appeal. If judgment may thus be entered on a recognizance, and against stipulators in admiralty, we see no reason in the nature of things, or in the provisions of the Constitution, why this effect should not be given to appeal bonds in other actions, if the Legislature deems it expedient. No fundamental constitutional principle is involved; no fact is to be ascertained for the purpose of rendering the sureties liable, which is not apparent in the record itself."

But it is urged that although jurisdiction over the persons of the sureties had been acquired, the Court, in the exercise of that jurisdiction, could not legally render judgment against them, on their undertaking, without notice; because having a right to show payment of the original judgment, they were entitled to notice of any motion for judgment against them

on their undertaking on appeal; and as reasonable notice was not given, the judgment taken against them is irregular and void.

But every presumption is in favor of the legality of the judgment of a Court of competent jurisdiction. Being rendered by a Court of competent jurisdiction, the judgment appealed from is presumably correct. For the purpose of rendering the judgment, no fact was to be ascertained which was not apparent on the record itself. On that record the plaintiff in the action was, as matter of right, entitled, under the law, to have judgment against the sureties upon his motion; and of this motion the law under which it was made required no notice (Sec. 958, C. C. P.); nor was notice necessary; for the sureties had stipulated that judgment might be entered against them upon the contingency which had come to pass, as was apparent from the record of the case in which their stipulation was filed, and a judgment to be entered against parties to an action, pursuant to their stipulation on file, which does not provide for notice, may be entered without notice.

There is not in this mode of procedure anything which prejudices the rights of the parties to the action; for if, in fact, the original judgment was paid, although not satisfied of record, the parties have their remedy under Section 675 of the Code of Civil Procedure to have satisfaction entered, and, for that purpose, to recall any execution which may have been issued against them, or they may have the judgment vacated (*McMillan* v. *Baker*, 20 Kan. 50); or annulled (*Noyes* v. *Loeb*, 24 La. Ann. 48.)

Moreover, while, as has been shown, the law does not require notice for the rendition of a judgment against sureties on an appeal bond, upon the expiration of the statutory time after affirmance of the judgment appealed, yet there was given, in fact, a notice in this case. It is said to have been unseasonable and therefore no notice at all; but of that there is nothing in the record; for there is no bill of exceptions, and the judgment on its face shows that "the order to show cause was duly served by delivering copies thereof to the sureties on the undertaking before the return day of the order;" and that "all parties appeared by their respective attorneys."

These recitals in the judgment are sufficient to show service upon the appellants. (*Lick* v. *Stockdale*, 18 Cal. 223; *Alderson* v. *Bell*, 9 id. 315; *Peck* v. *Strauss*, 33 id. 678.) There being nothing in the judgment-roll to the contrary, the intendment is, that the Court below found that the appellants had notice; and as there is no error apparent on the judgment-roll, the judgment is affirmed.

MYRICK, McKINSTRY, SHARPSTEIN, and THORNTON, JJ., concurred.