## PEOPLE'S LIGHT CO. v. RATHBUN-JONES ENGINEERING CO.†

(Circuit Court of Appeals, Fifth Circuit.    December 9, 1914.)

### No. 2640.

SALES (§ 262½*)—IMPLIED WARRANTY OF QUALITY OR FITNESS—SALE OF SPECIFIC ARTICLE MADE AND WARRANTED BY ANOTHER.

A warranty cannot be implied from a sale by a manufacturer of machinery, in connection with machinery of its own make, of a known, described, and definite article made by another manufacturer, who does warrant it, though the purchaser makes known that it is required by him for a particular purpose or use.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 740–748; Dec. Dig. § 262½.*]

Appeal from the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

Suit in equity by the Rathbun-Jones Engineering Company against the People's Light Company. Decree for complainant, and defendant appeals. Affirmed.

John C. Scott, of Corpus Christi, Tex., and Frank H. Booth, of San Antonio, Tex., for appellant.

C. L. Bates and James D. Walthall, both of San Antonio, Tex., for appellee.

Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

PER CURIAM. The decree appealed from is unquestionably correct, unless the defendant's demand by way of counterclaim or reconvention was established. The trial judge, in setting out his reasons for finding against that demand, stated two conclusions, among others: (1) That, under the evidence, the only substantial grounds of complaint by the defendant were due to defects in the gas producer; and (2) that the plaintiff was not liable for damages resulting from such defects, because it did not guarantee the gas producer or its sufficiency in any respect.

The first-mentioned conclusion is one of fact. Certainly it cannot be said that that conclusion was unwarranted by the evidence in the case. The evidence was such that plainly it furnished support for the conclusion that the main, if not the sole, trouble experienced by the defendant in the use of the machinery was due to the gas producer, and that whatever damages the defendant sustained were attributable to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied January 5, 1915.

deficiency of that machine, and not to any fault in the engine sold by the plaintiff.

We think that the other conclusion, which was one of law—that there was no contract shown whereby the plaintiff guaranteed the gas producer or its sufficiency for any purpose—was a correct one. In the written proposition made by the plaintiff to the defendant, the acceptance of which by the latter made the contract between them, the only mention of a gas producer was in the enumeration among the articles to be furnished of "one No. 7 R. D. Wood & Co.'s lignite producer as per attached specifications"; but, accompanying and attached to that proposition was a written proposition by R. D. Wood & Co., addressed to the defendant, offering to furnish a gas producer. So far as that latter proposition guaranteed the machine offered by it, its acceptance made such guaranty the obligation, not of the plaintiff, but of R. D. Wood & Co. Nowhere in the contract to which the plaintiff was a party is there anything indicating an agreement or undertaking on its part to guarantee the sufficiency of the gas producer offered to be supplied by Wood & Co. If anybody is liable in damages by reason of such a guaranty, it is Wood & Co., and not the plaintiff. Though the defendant bought the gas producer from the plaintiff, there is nothing in the terms of the latter's written contract to show a warranty or guaranty by it of that machine, and a guaranty cannot be implied from a sale by it of a known, described, and definite article, made by another manufacturer, who does guarantee it, though the purchaser makes known that it is required by him for a particular purpose or use. Pullman Car Co. v. Metropolitan Railway, 157 U. S. 94, 15 Sup. Ct. 503, 39 L. Ed. 632; Seitz v. Brewers Refrigerating Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837; Grand Avenue Hotel Co. v. Wharton, 79 Fed. 43, 24 C. C. A. 441. The only guaranty, if any, the breach of which caused substantial damage to the defendant, was that of R. D. Wood & Co. For that breach the plaintiff is not chargeable with liability.

We think that the ultimate conclusion of the trial judge was correct, and that the decree appealed from should be affirmed; and it is so ordered.