PEASE et al. v. RATHBUN-JONES ENGINEERING CO. PEASE v. SAME. PEASE v. HERRING, U. S. Marshal, et al.

(Circuit Court of Appeals, Fifth Circuit. December 7, 1915. Rehearing Denied January 4, 1916.)

Nos. 2781, 2804, 2834.

1. APPEAL AND ERROR ⬡⟿883—APPEAL BOND—LIABILITY OF SURETIES—SUMMARY DETERMINATION.

On appeal from a decree adjudging that plaintiff recover a specified amount from defendant, and establishing a lien on certain property, the decree was affirmed. A decree was subsequently entered, making the mandate of the appellate court the judgment of the District Court and ordering the clerk to issue an order for the sale of the property described in the judgment, and, if it was insufficient to satisfy such judgment, to issue an execution against the defendant and the sureties on its appeal bond. The sureties moved to set aside such decree, so far as it directed the issuance of execution on grounds involving the question as to their

⬡⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
228 F.—18

liability. *Held*, that they could not complain that the court passed on the question of their liability, as, though a surety on a supersedeas bond may have a right to have his liability thereunder adjudicated in an action at law on the bond, he can waive this right by voluntarily submitting the question of liability to the court rendering the decree on the appeal from which the bond was given, and one invoking the decision of a court as to the merits of a claim made against him cannot retain the right of electing to abide by the decision if acceptable to him, and of not being bound by it if adverse to his contention.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3611; Dec. Dig. ☜883.]

2. APPEAL AND ERROR ☜1234—APPEAL BOND—LIABILITY OF SURETIES.

Rev. St. § 1000 (Comp. St. 1913, § 1660), provides that every justice or judge signing a citation on any writ of error shall take good and sufficient security that the plaintiff in error or appellant shall prosecute his writ or appeal to effect, and, if he fails to make his plea good, answer all damages and costs, where the' writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas. Rule 13 of the Fifth Circuit (150 Fed. xxviii, 79 C. C. A. xxviii) require supersedeas bonds to be ·taken with good and sufficient security that plaintiff in error or appellant shall prosecute his writ or appeal to effect, and answer all damages and costs if he fails to make his plea good, and provides that such indemnity, where the judgment or decree is for the recovery of money not otherwise secured, must be for the whole amount of the judgment or decree, including damages and costs, but that where the property in controversy necessarily follows the suit and in suits on mortgages, or where the property is in the custody of the marshal, or where the proceeds thereof, or a bond for the value thereof, is in the custody of the court, indemnity will only be required in an amount sufficient to secure the sum recovered for the use and detention of the property, the costs of the suit, and damages for delay. *Held*, that where, on appeal from a decree adjudging that plaintiff recover of defendant a certain amount, and also establishing a lien on machinery, and ordering its sale unless the money judgment was paid, a bond superseding the decree was given, conditioned as required by section 1000, the sureties were liable for the amount of the decree, so far as it directed the payment of money, as well as for damages for·the delay arising from the appeal, as rule 13 only furnishes a guide for determining the amount of bonds, and does not deprive a supersedeas bond of the effect given it by the statute.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4761–4777; Dec. Dig. ☜1234.]

3. APPEAL AND ERROR ☜1033—APPEAL BOND—LIABILITY OF SURETIES.

Where the sureties on a supersedeas bond on an appeal from a decree establishing a lien on property and awarding a money judgment were liable for the amount of the money judgment, they could not complain that before their liability was sought to be enforced this amount was reduced by the application thereon of the amount realized on a sale of the property against which the lien was decreed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. ☜1033.]

4. COURTS ☜355—FEDERAL COURT—JUDGMENT—ENFORCEMENT—JURISDICTION OF COURT.

Where the trial court rendered a decree adjudging that plaintiff recover a specified sum of money, and establishing a lien on certain machinery, and ordering the sale thereof unless the money judgment was paid, its jurisdiction was not thereby exhausted, but continued until the decree

was satisfied, except in so far as its right to exercise its power to enforce the decree was suspended during the pendency of the appeal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 935, 936; Dec. Dig. ☞355.]

5. Courts ☞355—Judgments Enforceable by Execution—Decrees in Equity.

Under equity rule 8 (198 Fed. xxi, 115 C. C. A. xxi), providing that final process to execute any decree may, if the decree be solely for the payment of money, be by a writ of execution, where a decree adjudged that plaintiff recover a sum of money, established a lien on certain machinery, and ordered that such machinery be sold unless the amount decreed against defendant was paid within 60 days, the part of the decree remaining unsatisfied after the sale of such property was solely for the payment of money, and the appropriate process for its execution was a writ of execution, especially where the mandate of the Circuit Court of Appeals on an affirmance of the judgment of the District Court ordered that such execution and further proceedings be had as according to right and justice and the laws of the United States ought to be had.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 935, 936; Dec. Dig. ☞355.]

6. Appeal and Error ☞781—Dismissal of Appeal—Effect of Payment.

Where, pending an appeal from a decree denying an application for an injunction restraining the enforcement of an execution, the execution was satisfied, there was nothing for decision, and the appeal would be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 63–80, 3122; Dec. Dig. ☞781.]

Appeals from the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

Suit by the Rathbun-Jones Engineering Company against the People's Light Company. From a decree against Clark Pease and another, sureties on an appeal bond of the defendant, such sureties appeal; and from decrees overruling a motion to set aside the first-mentioned decree, and overruling an application for an injunction against J. A. Herring, United States Marshal, and others, Clark Pease appeals. Appeal from decree overruling application for injunction dismissed, and the other decrees affirmed.

In Nos. 2781 and 2804:

Frank H. Booth, of San Antonio, Tex., for appellants.

James D. Walthall, of San Antonio, Tex., for appellees.

In No. 2834:

Frank H. Booth, of San Antonio, Tex., for appellant.

James D. Walthall, of San Antonio, Tex., for appellees.

Before PARDEE and WALKER, Circuit Judges, and SPEER, District Judge.

WALKER, Circuit Judge. By a decree rendered on January 9, 1914, in the case of Rathbun-Jones Engineering Company v. People's Light Company, it was adjudged that "plaintiff do have and recover of and from the defendant  *  *  *  the sum of six thousand, eight hundred and four dollars and ninety cents ($6,804.90)," and also interest and costs. The decree further provided for the establishment

of a lien on certain described machinery, as claimed in the petition, and that if the amount decreed against the defendant was not paid within 60 days from the date of the decree the clerk issue process directing the marshal to sell the property subjected to the lien. An appeal was taken from this decree, and a bond in the sum of $7,500, dated March 7, 1914, and with the condition that "if the said People's Light Company shall prosecute its appeal to effect, and answer all damages and costs if it fails to make its plea good," was made and approved; Clark Pease and Gust. Heye, Jr., signing as sureties. The result of that appeal was an affirmance by this court of the decree appealed from. People's Light Co. v. Rathbun-Jones Engineering Co., 218 Fed. 167, 133 C. C. A. 523. On February 24, 1915, after the filing of the mandate from this court, the District Court entered a decree which ordered that the mandate be made the judgment of the court, and further ordered "that the clerk of this court issue an order of sale as in the decree of this court provided, directed to the marshal of this district, commanding him to sell the property described in the judgment rendered herein to satisfy said judgment, interest, and costs, and it is further ordered that in the event said property does not sell for sufficient amount to satisfy said judgment, interest, and costs, the clerk of this court issue execution against the defendant and against the sureties on the appeal bond herein, Clark Pease and Gust. Heye, Jr., for any deficiency that may remain." Thereafter, on May 6, 1915, after the marshal's sale of the property decreed subject to the lien declared, and the application of the sum realized on that sale—$1,500— to the satisfaction to that extent of the decree, Clark Pease and the administratrix of the estate of Gust. Heye, Jr., deceased, filed a motion in the cause, which, after stating the proceedings therein, prayed that the above-mentioned order of February 24, 1915, in so far as it directs the issuance of execution against the People's Light Company and against Clark Pease and Gust. Heye, Jr., be set aside and held for naught. The motion stated many grounds for the granting of the relief sought. One of the grounds was:

"That said order was entered by the court without pleading, without notice, and without hearing, against, to, or of these petitioners, or either of them. And said order is in violation of the Constitution of the United States, in that it deprives your petitioners of their property without due process of law."

Among other grounds stated in the motion were the following:

"That said bond did not secure, and was not intended to secure, the payment of the amount of said judgment, or any deficiency that might remain after the application of the proceeds of the sale of said property, but operated only as indemnity against damages and costs by reason of said appeal; and, in this connection, petitioners show that all the costs on said appeal and adjudged against them by the Circuit Court of Appeals have been paid, and attach the receipt of the clerk of this court hereto to show the fact."

"That in its bill filed in this cause the complainant sought a judgment, as at law, for any deficiency that might remain due on said judgment after the application of the proceeds of the sale of said mortgaged property, and such judgment was not awarded it; and therefore its right to a deficiency judgment and execution therefor has been adjudicated against it, and such right, if it ever existed, is res adjudicata, which these petitioners now here

plead in bar of any right of the plaintiff to have execution for such deficiency."

"That the sale of said property, and the acceptance of the proceeds thereof, operated as a complete satisfaction of the decree aforesaid, and no cause of action now exists, if any ever existed, against your petitioners or either of them."

The case is here on separate appeals sued out from, respectively, the decree of February 24, 1915, from the decree overruling the above-mentioned motion, and from a decree overruling an application of Clark Pease for an injunction restraining the enforcement of the execution against him. No stay of the execution having been ordered before the hearing in this court on the last-mentioned appeal, Clark Pease, under protest, paid the amount called for by the execution against him.

[1] It may be assumed that a surety on the supersedeas bond had the right to have the question of his liability thereunder adjudicated in an action at law on the bond in which he could have claimed a trial by jury. If he had this right, it was one he could waive by voluntarily submitting the question as to his liability to the court which rendered the decree on the appeal from which the bond was given. That court could, at the request or with the consent of the surety, determine the liability on a bond which was part of the proceedings in a case which was or had been pending before it. Several of the grounds stated in the motion made by the sureties distinctly invoke a ruling by the court on the question of the liability incurred by the sureties under the facts of the case. The court was invited to pass on the merits of the question, including matters which were set up as barring the asserted right of the plaintiff in the case to have a recovery against the sureties. One against whom a liability is asserted in one court waives a special privilege he may have to require that another court be resorted to for the adjudication of the question of such liability by appearing in the court in which the liability has been asserted and invoking a decision of that court on the merits of the controversy; and such waiver results from such conduct, though the submission of the controversy to that court for its decision is accompanied by the suggestion that that court had not acquired jurisdiction of the person so appearing in it. One so making a general appearance in a court, and invoking its decision as to the merits of a claim made against him, cannot so limit or qualify the effect of his appearance as to retain the right of electing to abide by the decision if it is acceptable to him, or of not being bound by it if it is adverse to his contention. St. Louis & San Francisco Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; 24 Cyc. 156, 158. It follows that the surety cannot sustain a complaint against a ruling as to his liability which was made at his instance, if what he was required to pay as a result of the ruling was no more than the bond made him liable for.

[2, 3] For an appeal to operate as a supersedeas, and to stay execution, there must be taken "good and sufficient security that * * * the appellant shall prosecute * * * his appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs."

Rev. Stat. U. S. § 1000 (Comp. St. 1913, § 1660); rule 13 of this court (150 Fed. xxviii, 79 C. C. A. xxviii). The bond in question was conditioned as required by the quoted provision of the statute. The decree which was so superseded was one for the payment of money. The breach of the condition of such a bond given in such a case entitles the obligee to recover, not only compensation for the delay arising from the appeal, but also the amount of the decree appealed from, so far as the latter directs the payment of money by the appellant to the appellee. American Surety Co. of New York v. North Packing & Provision Co., 178 Fed. 810, 102 C. C. A. 258; Wood v. Brown, 104 Fed. 203, 43 C. C. A. 474. The ruling made in the case of Kountze v. Omaha Hotel Co., 107 U. S. 378, 2 Sup. Ct. 911, 27 L. Ed. 609, is not applicable here. The bond under consideration in that case was given on an appeal from an ordinary foreclosure decree. It was distinctly pointed out in the opinion rendered in that case (107 U. S. 393, 2 Sup. Ct. 911, 27 L. Ed. 609) that the decree appealed from was not a personal one for the debt which the mortgage secured, and that the personal liability of the debtor could have been enforced while the appeal from the foreclosure decree was pending. Not so here, where the effect of the bond under consideration was to supersede the decree as a whole, not merely the part of it which decreed a sale of the property found to be subject to a lien, but the part of it which ordered the payment of money by the appellant to the appellee.

Nothing contained in rule 13 of this court can be given such effect as to prevent the bond standing as security for the superseded decree for the payment of money, at least in so far as that decree is not otherwise secured. The provision of that rule that "such indemnity, where the judgment or decree is for the recovery of money not otherwise secured, must be for the whole amount of the judgment or decree, including just damages for delay, and cost and interest on appeal," by no means has the effect of preventing a bond which superseded such a decree as the one under consideration, which was for the payment of money and also for a lien on property ordered to be sold and the proceeds applied on the decree, standing as security for the decree for money so far as it remained unsatisfied after the application of the proceeds of the property ordered to be sold. That rule undertakes to furnish a guide for determining the amount of supersedeas bonds in specified cases, and shows that the amount is to be more or less according as the appellee or defendant in error may be liable to be subjected to more or less damage by the superseding or suspension of the execution of the decree or judgment in his favor; but certainly it does not undertake to deprive a supersedeas bond in any case of the effect given to it by the statute of subjecting the principal and sureties to liability "for all damages and costs" which the appellee or the defendant in error may sustain if the appellant or plaintiff in error "fail to make his plea good." The liability on a bond which operated to suspend such a decree as the one under consideration would not extend to "all damages," if it did not cover so much of the decree for the payment of money as was left unsatisfied after the application to the decree of the

amount realized on the sale of property subjected to a lien and ordered to be sold. There is nothing for the surety to complain of in the fact that, before his liability was sought to be enforced, the amount of the decree which had been superseded was reduced by the application to it of the amount realized on the sale of the property decreed to be sold.

[4, 5] The jurisdiction of the court was not exhausted by the rendition of the decree in question, but continued until the decree was satisfied, except in so far as its right to exercise its power to enforce the decree was suspended during the pendency of the appeal. Wayman v. Southard, 10 Wheat. 1, 23, 6 L. Ed. 253; Riggs v. Johnson County, 6 Wall. 166, 187, 18 L. Ed. 768; Central National Bank v. Stevens, 169 U. S. 432, 464, 18 Sup. Ct. 403, 42 L. Ed. 807. The part of the decree which remained unsatisfied after the execution of the part of it which decreed the sale of property and the application of the proceeds of the sale was "solely for the payment of money." The appropriate final process for the execution of the decree, so far as it remained unexecuted when the order complained of was made, was such a writ of execution against the defendant as the motion sought to forbid the enforcement of. Equity rule 8 (198 Fed. xxi, 115 C. C. A. xxi). A part of the command of the mandate issued from this court to the trial court upon the affirmance of the latter's decree was:

"You, therefore, are hereby commanded that such execution and further proceedings be had in said cause as according to right and justice, and the laws of the United States, ought to be had, the said writ of error [appeal?] notwithstanding."

Plainly it was competent for the court to issue against the defendant in the cause such an execution as was issued. And the surety's submission to the court of the question as to his liability on the supersedeas bond conferred on the court the right to decide the question and to provide for the enforcement of its decision by proper process. As at the time that decision was rendered the unexecuted part of the decree which had been superseded was "solely for the payment of money," and as it was for that amount only that execution against the surety was allowed to be enforced, the decree having already been satisfied in part by the application of the proceeds of the sale of the property subjected to a lien and ordered to be sold, the result of what the court did was to allow the execution of appropriate process against the surety to be proceeded with, to the end of coercing the payment by him of no more than the amount which the supersedeas bond obligated him to pay. A surety on the bond cannot sustain a complaint against action of the court having this effect only. It follows that the decrees presented for review by the two appeals first above mentioned as now pending are affirmed.

[6] The satisfaction of the execution, the injunction of the enforcement of which was the sole relief sought in the case in which was rendered the other decree which was appealed from, leaves nothing for decision on that appeal; and that appeal is dismissed.