MORRIS LAND & CATTLE CO. v. KILPATRICK et al.

(Circuit Court of Appeals, Fifth Circuit. April 4, 1919.)

No. 3268.

1. APPEARANCE ☞20—GENERAL APPEARANCE—WAIVER OF ISSUANCE OF PROCESS.

On information for forfeiture of cattle imported from Mexico without entry and inspection, where, when defendant filed exception or motion that the part of the intervener's answer which prayed judgment against defendant be stricken out, defendant was represented in the cause by attorneys whose appearance was general, by appearing and pleading to the claim asserted against it by the intervener's answer, defendant waived the issuance of process, and by invoking decision as to the merits of the claim asserted abandoned any rights it might have had to refrain from joining issue until notified or required.

2. APPEAL AND ERROR ☞1026—REVERSAL—HARMLESS OMISSION.

A judgment is not to be reversed because of an omission which did not have the effect of depriving the party complaining of any substantial right.

3. ANIMALS ☞35—CUSTOMS DUTIES ☞130—UNLAWFUL IMPORTATION OF CATTLE—FORFEITURE—JUDGMENT FOR INTERVENING CLAIMANTS.

On information by the United States against a cattle company for forfeiture of cattle for unlawful importation, wherein individuals intervened and claimed the cattle or their value, judgment that the interveners recover from the cattle company possession of the cattle, and, if they were not delivered, recover a sum per head, the value as assessed for each head not delivered, held proper.

Appeal from the District Court of the United States for the El Paso Division of the Western District of Texas; William R. Smith, Judge.

Information against the Morris Land & Cattle Company for for-

feiture of cattle, wherein J. J. Kilpatrick, Jr., and others, appeared and filed answer to the information, claiming the cattle, or, in lieu thereof, recovery of an appraised value from the company. From a judgment for the interveners, the Cattle Company appeals. Affirmed.

Ed. M. Whitaker and Peyton J. Edwards, both of El Paso, Tex., for appellant.

Volney M. Brown and R. E. Crawford and W. H. Fryer, Asst. U. S. Attys., all of El Paso, Tex., for appellees.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. On January 15, 1916, the district attorney, in behalf of the United States, filed an information praying the forfeiture of 27 head of cattle, which were described and were alleged to have been seized while in a pasture known as the "Kilpatrick pasture," within the collection district of Eagle Pass, on the grounds that said cattle were knowingly and fraudulently imported into the United States from Mexico, without being entered, unladened, and inspected as required by the customs laws of the United States, and without being inspected by the Bureau of Animal Industry of the Department of Agriculture of the United States, as required by law.

On January 15, 1916, there was filed in the court an affidavit of the manager of the Morris Land & Cattle Company (which will be referred to as the appellant), stating that that company was the owner of said cattle and that they were imported into the United States without its knowledge, authority, or consent. On January 22d the appellant filed a petition praying that the marshal be ordered to deliver said cattle to the petitioner upon its executing bond with sureties as provided by statute. In that petition it was averred that no other person or corporation is the owner of said cattle. On January 31st there was filed in the court a stipulation, signed by the attorney for the appellant and by an assistant district attorney, that the valuation of said 27 head of cattle was $407.50.

On February 3d an order was made that the cattle be delivered to the appellant upon its executing a bond to the United States in the sum of $407.50, with two good and sufficient sureties. The bond was given and the cattle were delivered pursuant to the order, and the appellant duly answered the information. Thereafter, and after notice of the information and the seizure had been given by publication in a newspaper, pursuant to an order of the District Judge, the appellees, J. J. Kilpatrick, Jr., and others, appeared and filed an answer to the information. That answer put in issue the averments of the information as to the cattle being imported from Mexico, alleged that they had never been in Mexico, that they were American cattle belonging to the appellees, and were in their pasture when they were seized, denied that the appellant had any interest in them, and prayed that said cattle be awarded to the appellees, or that, in lieu thereof, they have and recover the appraised value of the cattle from the appellant. Thereafter the appellant, by its attorneys, filed in the cause an instrument of which,

omitting the caption and the signatures of the attorneys, the following is a copy:

"Now comes the Morris Land & Cattle Company, and excepts to that part of the answer and plea of intervention of J. J. Kilpatrick and D. D. Kilpatrick and J. J. Kilpatrick, Jr., wherein they ask judgment of the Morris Land & Cattle Company, and asks that same be stricken out and not considered by the court for the following reasons, to wit:

"(1) Because said pleading was filed after the property in controversy in this action had been delivered to Morris Land & Cattle Company under bond filed in this court, and no new libel has ever been filed herein, and no process has ever been served on said Morris Land & Cattle Company, and said Morris Land & Cattle Company has never made any appearance in this cause as to said cross-action or intervention on the part of the said Kilpatricks, and the court has no jurisdiction to render judgment against said Morris Land & Cattle Company on said cross-action, in that said property is no longer in the hands of the officers of this court.

"(2) And now comes Morris Land & Cattle Company, and, not waiving any of its exceptions to the jurisdiction of the court over it as to the cross-action or intervention on the part of J. J., D. D., and J. J. Kilpatrick, Jr., but relying on same, demurs to the allegations of said cross-action, and says that same are insufficient in law to require further answer of it, and of this it prays the judgment of the court.

"For answer herein, if answer be required, but not waiving any of the matters hereinbefore set out, defendant Morris Land & Cattle Company denies all and singular the allegations set out in cross-action of said defendants, and demands strict proof of same."

The above-mentioned exceptions were overruled, and, a jury being waived, the court, after hearing the evidence, found that the animals described in the information were not subject to seizure and forfeiture, and were the property of the appellees, and it was adjudged that the appellees have and recover from the appellant possession of the said cattle and the costs; the judgment providing, if the said 27 head of cattle, or any of them, are not delivered by the appellant pursuant to a writ of possession ordered to be issued, appellees have and recover of the appellant the sum of $15.10 per head, the value thereof as assessed by the court for each head of cattle not delivered. The record does not set out the evidence adduced in the trial court.

[1] What is complained of is the overruling of the exception or motion that that part of the appellees' answer which prayed judgment against the appellant be stricken out. When the above-mentioned exceptions of the appellant were filed, it was represented in the cause by attorneys, whose appearance was general, not special or limited. It took notice of the answer of the appellees by filing the above-mentioned exceptions thereto. It may be assumed that, prior to service of notice or process so requiring, it was not incumbent upon the appellant to take notice of the claim asserted against it by the answer of the appellees. By appearing and pleading to the claim so asserted, it waived the issuance of process thereon. By invoking the court's decision as to the merits of the claim asserted, it abandoned any rights it may have had to refrain from joining issue thereon until notified or required to do so. Pease v. Rathbun-Jones Eng. Co., 243 U. S. 273, 37 Sup. Ct. 283, 61 L. Ed. 715, Ann. Cas. 1918C, 1147, 228 Fed. 273, 142 C. C. A. 565; St. Louis & San Francisco Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659.

[2] The appellant now is complaining of the absence of process on a pleading upon which it made issues, which have been decided against it. There no longer is any occasion or necessity of issuing process when the party to be served has appeared and joined in the issue tendered. To issue and serve now the process which the appellant contends was improperly omitted would amount only to giving formal notice of a claim of which it already has taken notice by unsuccessfully contesting it on the merits. A judgment is not to be reversed because of an omission which did not have the effect of depriving the party complaining of any substantial right.

[3] By representing to the court that it was the owner of the cattle seized, and that no other person or corporation owned them, the appellant acquired possession upon giving bond in an amount which it admitted to be the value of the cattle. It remained a party to the cause, represented by attorneys appearing generally therein for it, when it was disclosed to the court that the ownership of the cattle was claimed by others, who were entitled to appear in the proceeding and resist the forfeiture prayed for. The appellant still being a party to the cause and subject to proper orders made therein, upon the court finding that the cattle were not subject to forfeiture and that they belonged to the appellees, there was no legal obstacle to prevent the court ordering the appellant to deliver to the appellees either the cattle or the sum of money which the appellant had agreed was the value of them. The effect of the order was to require a party to the cause, who wrongfully had obtained possession of the property in the court's custody, to restore the property itself or to pay the admitted value of it to another party found to be entitled to it. The fact that the appellant was enabled to get possession of the cattle by giving a bond, with sureties, for its value, did not have the effect of exempting it from such an order. There was no judgment against the sureties on the bond. Nothing in the record indicates that the court was in error in adjudging that the cattle were not subject to forfeiture and that the appellees were entitled to them. This being so, the appellant has no valid ground of complaint against the judgment appealed from, which can be satisfied by paying the sum which it admitted was the value of the cattle in question, and the costs.

This judgment is affirmed.