## MEDUSA CONCRETE WATERPROOFING CO. v. McCORMICK WATER-PROOF PORTLAND CEMENT CO. et al.

## CHICAGO BONDING & INS. CO. v. MEDUSA CONCRETE WATERPROOF-ING CO.

(Circuit Court of Appeals, Seventh Circuit. May 26, 1920.)

### No. 2782.

1. **Appeal and error** ⊕⊐1237—**District courts have power to render summary judgments on supersedeas bonds.**

District Courts have power to render summary judgments on supersedeas bonds, statutory in form, given under Comp. St. § 1660 (Rev. St. § 1000), and rule 13 of the Seventh Circuit (150 Fed. xxviii, 79 C. C. A. xxviii).

2. **Appeal and error** ⊕⊐1234(6)—**Supersedeas bond in patent infringement appeal did not cover profits ascertained after appeal, but arising before appeal; "damages."**

In an appeal from a decree finding infringement of a patent, granting a permanent injunction, and ordering a reference to a master to take and state an account of profits, such profits, etc., arising before the taking of the appeal, but ascertained after and fixed by a final decree, *held* not such "damages" as were covered by the statutory condition of the supersedeas bond, which covers only damages for delay caused by the appeal and all costs, including the remanding order.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Damages.]

3. **Appeal and error** ⊕⊐1237—**Sureties on supersedeas bond are quasi parties.**

In an appeal from a decree finding infringement of a patent, granting a permanent injunction, and ordering a reference to a master to take and state an account of profits, sureties on supersedeas bond become quasi parties, and are entitled to notice, and to an opportunity to be heard on matters by which they are to be bound.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Medusa Concrete Waterproofing Company against the McCormick Waterproof Portland Cement Company and others. From a decree for plaintiff, defendants appealed; the Chicago Bonding & Insurance Company becoming surety on their supersedeas bond. From a judgment for plaintiff on the supersedeas bond, the surety appeals. Reversed and remanded.

See, also, 222 Fed. 288, 138 C. C. A. 14.

E. R. Goldsmith, of Chicago, Ill., for appellant.

Francis W. Parker, Jr., of Chicago, Ill., for appellee.

Before BAKER and PAGE, Circuit Judges, and SANBORN, District Judge.

PAGE, Circuit Judge. There are three questions raised in this case:
[1] 1. Whether District Courts have power to render summary judgments on supersedeas bonds, statutory in form, given under section 1660, U. S. Compiled Statutes 1916 (R. S. § 1000), and rule 13

of this court (150 Fed. xxviii, 79 C. C. A. xxviii). This is answered affirmatively, on authority of Pease v. Rathbun-Jones Eng. Co., 228 Fed. 278, 142 C. C. A. 565; Id., 243 U. S. 278, 37 Sup, Ct. 283, 61 L. Ed. 715, Ann. Cas. 1918C, 1147.

[2] 2. In an appeal from a decree finding infringement of a patent, granting a permanent injunction, and ordering a reference to a master to take and state an account of profits, etc., whether such profits, etc., all arising before the taking of the appeal, but ascertained after and fixed by a final decree, were such "damages" as were covered by the statutory condition of the bond? The bond covered only damages for delay caused by the appeal, and all costs, including the remanding order. Pease v. Rathbun-Jones Eng. Co., 228 Fed. 278, 142 C. C. A. 565; Racine Engine & M. Co. v. Confectioners' M. & Mfg. Co., 234 Fed. 879, 148 C. C. A. 474.

[3] 3. It is unnecessary, in view of our findings above, to answer the question whether the surety was entitled to notice of the hearings before the master on the accounting which formed the basis of the final decree. However, such sureties become quasi parties (Babbitt v. Finn, 101 U. S. 7, 25 L. Ed. 820), and are entitled to notice and an opportunity to be heard on matters by which they are to be bound.

The case is reversed and remanded, with costs to appellant, but with direction to permit Medusa Concrete Waterproofing Company to amend its papers, so as to make proper showing as to damages and costs to the extent herein permitted.