THOMAS CHARMAN and ARTHUR WARNER, Plaintiffs in Error, v. JAMES McLANE, Defendant in Error.

*Error to Clackamas.*

1. Where an appeal bond is signed by a firm, as sureties for the appeal, the execution of such bond is not within the scope of the partnership business; and the partner who signed the firm name is alone liable, unless the other partner assented. If both assented, then both are liable.
2. In an appeal from the County Court to the Circuit Court, the latter court has authority, when the judgment appealed from is affirmed, to enter judgment against both the principal and the surety in the appeal bond.

THIS cause was appealed from the County Court of Clackamas County to the Circuit Court of the same county.

The plaintiffs in error were sureties on that appeal, and judgment was rendered against the principal and them in the Circuit Court; and these sureties bring the case here, and claim that judgment was improperly entered against them as sureties.

The merits of the case are not sought to be inquired into, only so far as the sureties are affected by it; and it is not necessary to an understanding of the case to make any further statement of it, than that the bond, on which judgment was rendered against said sureties, was signed Charman & Warner, and not executed by the individual names of each of the partners.

*W. C. Johnson,* counsel for plaintiffs in error.

*Kelly & Huelat,* counsel for defendant in error.

BOISE, J.    Two points are raised in the assignment of errors :

*First.* It is said it was error to enter judgment on a bond thus executed by a firm.

*Second.* That the Circuit Court has no authority, when, on an appeal, judgment is affirmed, to render judgment against sureties, as well as principal, in an appeal bond.

As to the first point: The bond seems, on its face, to be the bond of a firm, known as Charman & Warner'; and there can be no question but a bond of this description is not within the scope of the partnership business ; and, to render both partners liable, it would be necessary that both should assent to and recognise its validity.    If one of the partners signed the partnership name to it, without the concurrence of the other, he alone would be liable.    There is nothing in the record to show which of the partners signed the bond, or whether both assented to it.    The one who signed it would be liable, and both would be if both assented.

The court below must have inquired into these facts, in order to have rendered an intelligent judgment ; and we must presume that the court below found that both of the plaintiffs assented to and recognised this bond. .

As to the other point, I think it is clearly settled by the statute.    On page 78, of the Session Laws of 1860, it is provided that, in cases of appeal from the county to the circuit courts, the filing in the Circuit Court of the transcript and papers, in a case appealed from the County Court, "the Circuit Court shall become possessed of the cause, and shall proceed in the same manner, as near as may be, as in regard to causes brought by appeal from justices of the peace."

The giving judgment is a part of the proceedings of the Circuit Court, on an appeal from a justice of the peace ; and, in cases of appeal from justices of the peace, the manner

of giving judgment (in the Circuit Court) is clearly defined. In the 195th section of the statute, regulating courts of justices of the peace, page 323, it is provided, " In all cases of appeal to the Circuit Court, if on the trial anew in such court, the judgment be against the appellant, in whole or in part, such judgment shall be rendered against him and his sureties in the undertaking for the appeal."

It is clear that the legislature intended the Circuit Court should proceed in this respect in the same manner as on appeals from justices of the peace.

If this be so, then the judgment against the sureties was right.

Judgment affirmed.