## PEASE v. RATHBUN–JONES ENGINEERING COMPANY.

## PEASE ET AL. v. RATHBUN–JONES ENGINEERING COMPANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

Nos. 360, 419. Submitted January 8, 1917.—Decided March 6, 1917.

Objection going to the form of the District Court's decree, if not taken on a first appeal to the Circuit Court of Appeals, may be deemed waived on a second.

A decree of the District Court that plaintiff "do have and recover" a stated sum, with provisions establishing a lien and for foreclosure, was affirmed by the Circuit Court of Appeals with directions that "such execution and further proceedings be had as according to right and justice, and the laws of the United States, ought to be had." *Held*, that a decree of the District Court directing foreclosure sale, and that execution issue for any deficiency, was consistent with, and did not exceed, the affirmance.

The amount of deficiency being fixed by the sale, the insertion of the amount in the execution was but a clerical act.

Under Rev. Stats. of Texas, Art. 1206, a suit against a corporation is not abated by its dissolution pending appeal.

Federal courts sitting in equity may render summary judgment against sureties on appeal bonds.

Such practice does not invade the constitutional right of trial by jury; nor is it objectionable upon the ground that the legal remedy, by action on the bond, is adequate.

While it is the proper and usual practice in such cases to give notice to the surety,—*Quære*, Whether notice is always essential?

Objections that a summary judgment on an appeal bond was not preceded by notice and deprived the sureties of the right of trial by jury are waived by invoking the trial court's decision of the merits upon an undisputed state of facts.

*Quære:* Whether Rule 29 of this court—Rule 13, 5th C. C. A.—intends that the sureties on a supersedeas bond shall not be bound to

pay deficiency decrees in foreclosure cases, but shall pay only the costs and damages resulting from the delay caused by the appeal?

A money decree against a corporation and its sureties on a supersedeas bond, followed by levy, was satisfied by a payment made by one of the sureties "as trustee for himself and the other stockholders" of the corporation. The record not showing that the surety paid as such, in satisfaction of his own liability, *Held*, that the sureties had no standing to complain of the decree, since satisfaction, by the principal obligor, ended their liability.

228 Fed. Rep. 273, affirmed.

THE case is stated in the opinion.

*Mr. Perry J. Lewis* and *Mr. Frank H. Booth* for petitioners.

*Mr. Carlos Bee* for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Pease and Heye were sureties on a supersedeas bond given on appeal to the United States Circuit Court of Appeals in a suit to foreclose a vendor's lien. The District Court for the Southern District of Texas had entered a decree against the People's Light Company, declaring that Rathbun-Jones Engineering Co. "do have and recover" $6,804.90 with interest; establishing a lien on certain personal property; and directing that it be sold to satisfy the judgment, if the same be not paid within sixty days. The appellate court affirmed the decree. 218 Fed. Rep. 167. The mandate directed that the defendant and the sureties "pay the costs of this cause in this Court, for which execution may be issued out of said District Court," and "commanded that such execution and further proceedings be had in said cause as according to right and justice, and the laws of the United States, ought to be had." Thereupon the District Court, apparently without notice having been given specifically to sureties, entered its

"decree on mandate." This decree ordered "that said mandate be made the judgment of this Court"; that a sale be made as herein provided "to satisfy said judgment" and that "in the event said property does not sell for sufficient amount to satisfy said judgment, interest and costs, the clerk of this Court issue execution against the defendant and against the sureties on the appeal bond, . . . for any deficiency that may remain."

The sale was had. Pease being the highest bidder, purchased all the property for a sum which, when applied upon the judgment, left a large deficiency. Immediately after the sale and before execution issued, Pease and Heye's administratrix (he having died pending the appeal) filed, in the District Court, a motion that execution be stayed and that so much of the "decree on mandate" as directed its issue be set aside. On the same day a similar motion was filed by the trustee in liquidation of the People's Light Company (it having been dissolved pending the appeal). Both motions were presented by the counsel who had theretofore acted for the defendant. The authority of the court to issue the execution was attacked on several grounds. Both motions alleged that the original decree contained no provision for such execution and that it could not be enlarged on return of the mandate, because the term had expired at which it was entered. They alleged that the order for execution was illegal because the People's Light Company had been dissolved and Heye had died, pending the appeal. They asserted that the "decree on mandate" so far as it directed the issuance of the execution was "wrongful and illegal," because it "was entered by the court without pleading, without notice and without hearing, against, to or of these petitioners," and "deprived them of their property without due process of law." The motion on behalf of the sureties alleged also that they had been deprived of their constitutional right to "trial by jury in actions at common

law." The prayers for relief were rested, also, on still broader grounds, which involved directly the whole merits of the controversy. It was alleged that "the bond did not secure, . . . the payment of the amount of said judgment or any deficiency that might remain after the application of the proceeds of the sale of said property, but operated only as indemnity against damages and costs by reason of said appeal"—and that the costs on said appeal had been paid. The motions, which were fully heard upon evidence introduced by the petitioners, were denied. An appeal was taken by all the petitioners from this denial; and by Pease alone from the "decree on mandate." Both the decrees were affirmed on appeal; and a rehearing was refused. 228 Fed. Rep. 273. Thereupon petitions to this court for certiorari to the Circuit Court of Appeals were filed and granted.

After issue of the execution Pease instituted still another proceeding—a suit to restrain its enforcement. But when the injunction was denied by the District Court, the marshal made levy and Pease "as Trustee for himself and the other stockholders of the People's Light Company" paid to the clerk of court the balance due on the judgment. An appeal from the denial of the injunction was dismissed by the Circuit Court of Appeals; but review of that decree is not sought here.

The petitioners still contend on various grounds that the proceedings below are void for lack of due process of law, or should be set aside for error.

*First.* It is contended that the "decree on mandate" was void so far as it ordered execution to issue for any deficiency; because that direction was not contained in the original decree or in the mandate of the Circuit Court of Appeals. We are referred to cases holding that the lower court must enforce the decree as affirmed without substantial enlargement or alteration. But the original decree ordered that the plaintiff "do have and recover" $6,804.90.

This is the customary language used in personal judgments which are without further direction enforceable by general execution. If the defendant desired to insist that, because the suit was a foreclosure proceeding, the decree in this form was not proper, the objection should have been taken on the first appeal, and not having been so taken must be considered as waived. The "decree on mandate" obeyed the command of the mandate "that such execution and further proceedings be had in said cause as according to right and justice, and the laws of the United States, ought to be had." The amount of the deficiency was fixed by the sale; the insertion of the amount in the execution was but a clerical act.

*Second.* It is contended that all suits pending against the People's Light Company abated upon its dissolution. As we read the Texas statute (Rev. Stats. 1911, Art. 1206), such a consequence is carefully avoided. It is there provided that upon dissolution the president and directors shall be trustees of the creditors and stockholders of the corporation "with full power to settle its affairs," and with power "in the name of such corporation . . . to collect all debts, compromise controversies, maintain or defend judicial proceedings." This general language makes no distinction between pending and subsequent "judicial proceedings," which the trustees are empowered to maintain and defend in the corporation's name; and there seems no reason why such a distinction should be read into the statute. There is also the further provision in the section that "the existence of every corporation may be continued for three years after its dissolution from whatever cause, for the purpose of enabling those charged with the duty to settle upon its affairs." The People's Light Company which takes this appeal and gives bond for its successful prosecution is hardly in a position to assert that it is non-existent and incapable of maintaining and defending pending suits.

*Third.* It is contended that the District Court had no power under the Constitution to render a summary judgment against the sureties upon affirmance of the decree appealed from, and that resort should have been had to an action at law. The method pursued has been introduced by statute into the practice of many States, including Texas. Rev. Civ. Stats., Art. 1627.[1] Pursuant to the requirements of the Conformity Act (Rev. Stats., § 914), this practice is followed by the federal courts in actions at law. *Hiriart v. Ballon,* 9 Pet. 156; *Gordon v. Third National Bank,* 56 Fed. Rep. 790; *Egan v. Chicago Great Western Ry. Co.,* 163 Fed. Rep. 344. The constitutional right of trial by jury presents no obstacle to this method of proceeding, since by becoming a surety the party submits himself "to be governed by the fixed rules which regulate the practice of the court." *Hiriart v. Ballon,* 9 Pet. 156, 167. Although the adoption of state procedure is not obligatory upon the federal courts when sitting in equity, they have frequently rendered summary judgment against sureties on appeal bonds.[2] Some of the District Courts by

---

[1] Summary judgment was entered on appeal bonds in the following cases: *White v. Prigmore,* 29 Ark. 208; *Meredith v. Santa Clara Mining Assn.,* 60 Cal. 617; *Johnson v. Chicago & Pacific Elevator Co.,* 119 U. S. 388 (Illinois); *Jewett v. Shoemaker,* 124 Iowa, 561; *Greer v. McCarter,* 5 Kans. 17; *Holmes v. Steamer Belle Air,* 5 La. Ann. 523; *Chappee v. Thomas,* 5 Mich. 53; *Davidson v. Farrell,* 8 Minn. 258; *Beall v. New Mexico,* 16 Wall. 535 (New Mexico); *Clerk's Office v. Huffsieller,* 67 N. Car. 449; *Charman v. McLane,* 1 Oreg. 339; *Whiteside's Admr. v. Hickman,* 2 Yerg. (Tenn.) 358; *Allen v. Catlin,* 9 Wash. 603.

[2] Cases where equity courts gave summary judgment against the sureties on appeal bonds: *Woodworth v. N. W. Mut. Life Ins. Co.,* 185 U. S. 354; *Smith v. Gaines,* 93 U. S. 341; *Richards v. Harrison,* 218 Fed. Rep. 134 (D. C. S. D. Iowa); *Fidelity & Deposit Co. v. Expanded Metal Co.,* 183 Fed. Rep. 568 (3rd C. C. A.), affirming *Expanded Metal Co. v. Bradford,* 177 Fed. Rep. 604; *Perry v. Tacoma Mill Co.,* 152 Fed. Rep. 115 (9th C. C. A.); *Empire State, etc., Developing Co. v. Hanley,* 136 Fed. Rep. 99 (9th C. C. A.); *Brown v. N. W. Mut. Life Ins. Co.,* 119 Fed. Rep. 148 (8th C. C. A.).

formal rule of court require the bond to contain an express agreement that the court may, upon notice to the sureties, proceed summarily against them in the original action or suit. See Rule 91, Ariz. Dist. Court Rules, adopted March 5, 1912; Rule 90, Wash. Dist. Court Rules, 1905. But this is not a general provision; nor is it a necessary one. For, as this court has said, sureties become quasi-parties to the proceedings, and subject themselves to the jurisdiction of the court, so that summary judgment may be rendered on their bonds. *Babbitt* v. *Finn*, 101 U. S. 7, 15. The objection that a court of equity has no jurisdiction because there is an adequate remedy at law on the bond is not well taken. A court of equity, having jurisdiction of the principal case, will completely dispose of its incidents and put an end to further litigation. Applying this principle equity courts, upon the dissolution of an injunction, commonly render a summary decree on injunction bonds.[1]

*Fourth.* It is contended that notice was not given to the surety of the motion for summary judgment. It is a proper and usual practice to give such notice; but it may be questioned whether notice is always essential. See *United Surety Co.* v. *American Fruit Product Co.*, 238 U. S. 140; *Johnson* v. *Chicago & Pacific Elevator Co.*, 119 U. S. 388.[2]

---

[1] Cases where it was held that courts of equity might render summary judgment on injunction bonds: *Russell* v. *Farley*, 105 U. S. 433, 445; *Lea* v. *Deakin*, 13 Fed. Rep. 514 (C. C. N. D. Ill.); *Lehman* v. *M'Quown*, 31 Fed. Rep. 138 (C. C. Colo.); *Coosaw Mining Co.* v. *Farmers' Mining Co.*, 51 Fed. Rep. 107 (C. C. S. C.); *Tyler Mining Co.* v. *Last Chance Mining Co.*, 90 Fed. Rep. 15 (9th C. C. A.); *Cimiotti Unhairing Co.* v. *American Fur Refining Co.*, 158 Fed. Rep. 171 (C. C. N. J.). A few of the Districts have a rule of court providing that damages upon dissolution of an injunction "may be assessed in the same proceeding, either by the court or by reference to a master and judgment entered in the same action against the sureties on the bond." See Ark., West. D. Rule XVI, as amended to Feb. 27, 1908; Ark., East D. Rule XIV, as amended to Oct. 1, 1915.

[2] Cases showing the usual practice of giving to the sureties notice of

Furthermore, the last two objections, if originally well taken, were waived or cured by the subsequent proceedings. For the motions filed later invoked a decision by the court upon the question of the sureties' liability on the evidence presented by them; and no relevant fact was in dispute. There was no issue to submit to a jury, even if the sureties had been otherwise entitled thereto. After thus voluntarily submitting their cause and encountering an adverse decision on the merits, it is too late to question the jurisdiction or power of the court. *St. Louis & San Francisco Ry. Co.* v. *McBride,* 141 U. S. 127; *Western Life Indemnity Co.* v. *Rupp,* 235 U. S. 261, 273.

*Fifth.* It is further contended that the District Court erred in entering judgment against the surety for the deficiency, instead of merely for the costs and any damages to the plaintiff resulting from the delay incident to the unsuccessful appeal. This objection raises a more serious question. The supersedeas bond was in the common form, conditioned that the appellant shall "prosecute its appeal to effect and answer all damages and costs, if it fails to make its plea good." It has long been settled that a bond in that form binds the surety, upon affirmance of a judgment or decree for the mere payment of money, to pay the amount of the judgment or decree. *Catlett* v. *Brodie,* 9 Wheat. 553. Rule 29 of this court—Rule 13, 5th C. C. A.—makes provision for a difference with respect to the bond, between a judgment or decree for money not otherwise secured, and cases "where the property in controversy necessarily follows the event of the suit, as in real actions, replevin, and in suits on mortgages." It is not

<hr>

the motion: *Empire State, etc., Developing Co.* v. *Hanley,* 136 Fed. Rep. 99; *Gordon* v. *Third National Bank,* 56 Fed. Rep. 790. Cf. *Leslie* v. *Brown,* 90 Fed. Rep. 171. Cases in state courts holding that notice to the surety is not requisite: *Rogers* v. *Brooks,* 31 Ark. 194; *Meredith* v. *Santa Clara Mining Assn.,* 60 Cal. 617; *Jewett* v. *Shoemaker,* 124 Iowa, 561; *Portland Trust Co.* v. *Havely,* 36 Oreg. 234, 245.

clear whether the purpose of the rule, in case of secured judgments or decrees, was merely to limit the amount of the penalty, or was also to affect the nature of the liability, so that the sureties would be liable to answer only for the costs, and damages actually resulting from the delay.

We are, however, relieved from deciding this question; because the record discloses that after the issue of the execution complained of Pease paid the amount due "as Trustee for himself and the other stockholders of the People's Light Company." In other words, the record does not show that Pease paid the amount as surety in satisfaction of the deficiency judgment against himself. The payment by him may have been made "as trustee," because before that time the corporation had been dissolved. If this payment was made on behalf of the corporation, obviously Pease could get no benefit from a reversal of the decree; and as the decree has been satisfied by the principal obligor the sureties are in no danger of further proceeding against themselves. On the facts appearing of record the decree is, therefore,

*Affirmed.*