## UNITED STATES FIDELITY & GUARANTY CO. v. FT. MISERY HIGHWAY DIST.

Circuit Court of Appeals, Ninth Circuit. October 31, 1927.

No. 5158.

I. **Appeal and error** ⊂⇒1236—**As respects right to summary judgment on supersedeas bond, character of judgment as "money judgment" does not depend on whether it is enforceable by execution (Comp. St. Idaho 1919, §§ 6457, 7155, 7383, subd. 5).**

The character of a judgment as a "money judgment," within Comp. St. Idaho 1919, § 7155, authorizing judgment against sureties on supersedeas bond after affirmance of judgment directing payment of money, is not to be tested solely by ascertaining whether it could be enforced by execution, under sections 6457, 7383, subd. 5; "money judgment" being one adjudging the payment of a sum of money, as distinguished from one directing an act to be done or property to be transferred or restored, imposition of

personal liability on defendant not being essential.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Money Judgment.]

**2. Appeal and error ⟨⟫1236—Judgment that moneys unlawfully deposited in insolvent bank constituted trust funds held "money judgment," within statute authorizing summary judgment on supersedeas bond (Comp. St. Idaho 1919, § 7155).**

Judgment decreeing that money of highway district unlawfully deposited in insolvent bank constituted a trust fund in hands of state bank commissioner for benefit of the district, and that district "have and recover from defendants" the specific sums named, with interest, and directing commissioner to pay such sums, *held* valid "money judgment," within Comp. St. Idaho 1919, § 7155, authorizing summary judgment against surety on supersedeas bond after affirmance of money judgment on appeal, in view of sections 5291, 6910, 6911, 7154, 7169, 7236.

**3. Appeal and error ⟨⟫1236—Surety filing supersedeas bond stipulating for judgment against it became party and submitted itself to court's jurisdiction (Comp. St. Idaho 1919, § 7155).**

Where appeal was taken by filing supersedeas bond stipulating for judgment against the surety under conditions named in Comp. St. Idaho 1919, § 7155, surety voluntarily made itself a party to the suit and submitted itself to the jurisdiction of the court.

**4. Appeal and error ⟨⟫1236—On affirmance of judgment, liability of sureties on supersedeas bond is fixed, and summary judgment may be rendered on bond (Comp. St. Idaho 1919, § 7155).**

Where a judgment has been affirmed by the state Supreme Court, and the condition of the supersedeas bond filed under Comp. St. Idaho 1919, § 7155, has thereby been broken, sureties' liability is fixed, and on motion in the proper court summary judgment may be rendered on the bond; court in such proceeding for summary judgment not acting in exercise of any special jurisdiction, but in a matter incidental to the main suit.

**5. Appeal and error ⟨⟫1236—Surety on supersedeas bond held not entitled to notice of proceedings for summary judgment on bond after affirmance of judgment (Comp. St. Idaho 1919, § 7155).**

Surety on supersedeas bond filed under Comp. St. Idaho 1919, § 7155, stipulating that, if it did not make payment within 30 days after affirmance of judgment, judgment might be entered after the filing of the remittitur on plaintiff's motion for the amount of the judgment, with interest, damages, and costs awarded on the appeal, *held* not entitled to notice of proceedings for summary judgment on bond, but it was its duty to keep itself advised of the proceedings, and take any steps it might believe appropriate to protect its rights.

Appeal from the District Court of the United States for the Central Division of the District of Idaho; Frank S. Dietrich, Judge.

Suit by the United States Fidelity & Guaranty Company against the Ft. Misery Highway District. Decree for defendant, and plaintiff appeals. Affirmed.

F. H. Graves, W. G. Graves, B. H. Kizer, and Graves, Kizer & Graves, all of Spokane, Wash., for appellant.

James F. Ailshie, of Cœur d'Alene, Idaho, and A. S. Hardy, of Grangeville, Idaho, for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This is an appeal from a judgment of dismissal of a suit by appellant guaranty company, a Maryland corporation, to enjoin the enforcement of a judgment against it and in favor of the highway district, rendered by a court of the state of Idaho. The judgment originated in this way:

The highway district is a taxing district organized under the laws of Idaho. In 1921 moneys of the district then in possession of its treasurer were unlawfully taken possession of and placed on general deposit by the Kamiah State Bank, which was then insolvent. Section 5291, Comp. St. Idaho. In April, 1921, the bank closed its doors, and the banking commissioner of the state, assuming to act under the Banking Act of Idaho, took charge of the affairs of the bank and of its assets and business. By that act the bank commissioner is given control of the affairs and assets of an insolvent bank, subject to the right of review by the courts in respect to certain matters. Provision is made for the presentation of claims by creditors, to be allowed in various ranks of priority. All claims must be presented to the commissioner, whose duty it is to pass upon their allowance and to classify them when allowed, with the right accorded to a dissatisfied claimant to have reviewed in the courts the commissioner's decision as to allowance or classification.

The laws of Idaho did not permit a general deposit in a bank of public funds of a highway district. To make such deposit was prohibited and made a felony. The district presented its claim for the moneys as preferred trust funds. The commissioner allowed the claim as to the amount, but classified it as one for general deposit, thus putting it in an inferior class. Thereafter the district sued the bank and the commissioner and his agent in charge of the bank, alleging that the moneys were public funds wrongfully in the hands of the bank, and that they constituted a trust fund held by the bank and its agent for the benefit of the district; that the title

was in the district; that the moneys were not the assets of the bank, and did not come into the hands of the commissioner of the assets, but were taken possession of by him illegally. The prayer was that the moneys be decreed to be a trust fund in the hands of defendants; that defendants be required to pay the sums over, together with interest; that the moneys be held to be prior to the claims of all depositors and general creditors, and prior to the expenses of administration; but that, if such priority could not be adjudged, then that the claim be adjudged to have priority as provided in class 2, section 13, chapter 42, Laws Idaho 1921. The answer joined issue on the preferred order of payment demanded by the district.

The district recovered judgment that the moneys constituted a trust fund in the hands of the defendant commissioner for the special use and benefit of the plaintiff; that "plaintiff have and recover from defendants the sums, * * * with interest * * * until paid, and that defendant, as commissioner of finance, and Scott, his agent, do pay and deliver to the plaintiff the sum of $26,823.80, together with interest, ˙ * * and the further sum of $1,332.01, together with interest, * * * until paid, and that the said sums are hereby adjudged and decreed to be special trust funds in the hands of defendants for the use and benefit of plaintiff, and that the same be paid out of any money, funds, or property in the hands of the defendant commissioner of finance or his agent, and received by them or either of them from defendant bank, or by reason of the closing of the same, and this judgment is declared to be a prior claim and lien upon any and all funds in the hands of the defendants, and is prior and superior to all other claims or demands or costs or expenses of administration, except as to any trust fund or claim which may be established of the same grade, class, character, and rank as this judgment. Plaintiff will also recover its costs herein against defendants, taxed in the sum of $93.46."

The bank and the commissioner appealed to the Supreme Court of Idaho. To stay execution of the judgment, the guaranty company, appellant herein, executed the supersedeas bond hereinafter referred to. Section 7155, Comp. St. Idaho. The bond made reference to sections 7154 and 7155, supra, and was in a form recognized as sufficient by section 7236 Idaho Statutes.

The Supreme Court confined its examination to the judgment roll, found no error therein, and dismissed the appeal. Ft. Misery Highway District v. Bank, 41 Idaho, 491, 239 P. 277. This was in effect an affirmance of the judgment of the District Court. Section 7169, Comp. Stat. Idaho. Remittitur went down, and on motion judgment was entered in favor of the district and against the surety guaranty company for the full amount of the claim. More than 90 days thereafter the district demanded payment, which was refused. This suit was then brought to enjoin the enforcement of the judgment, on the ground that the undertaking was not required by the statute of Idaho, that it was without consideration, and that the District Court had no power to enter a summary judgment on it.

Section 7155, Comp. St. Idaho, supra, provides that, if an appeal be from a judgment or order directing the payment of money, it does not stay the execution of the judgment or order, unless a written undertaking be executed on the part of the appellant by two or more sureties, to the effect that they are bound, in double the amount named in the judgment, that if the judgment or order appealed from, or any part thereof, be affirmed, or the appeal be dismissed, appellant will pay the amount directed to be paid by the judgment or order, or the part thereof as to which the judgment or order is affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellant upon the appeal, and that if appellant does not make such payment within 30 days after the filing of the remittitur from the Supreme Court in the court from which the appeal is taken, judgment may be entered, on motion of the respondent in his favor, against the sureties, for such amount, together with the interest, that may be due thereon, and the damages and costs which may be awarded against the appellant upon the appeal.

Appellant's position is that the judgment against the bank and the commissioner is not one directing the payment of money, within the meaning of the Idaho statute cited, that as a consequence the summary judgment rendered against the guaranty company on the bond executed by it was a nullity, that the present suit is a direct attack upon the judgment, and that the federal court will enjoin enforcement.

The theory upon which the case was tried in the state court was that the moneys never became assets of the bank; hence that the provisions of the State Banking Act had no applicability. That theory is sustained by the findings that the moneys of the highway district were wrongfully in the hands of the

bank; that the moneys augmented the assets of the bank and passed into the hands of the defendant commissioner, and were held by him as a trust fund and bailment; that title was always in the district; that the moneys were wrongfully and illegally taken possession of when defendant, under claim as commissioner, took possession of the assets of the bank. The fact that in its complaint the district pleaded that it had presented its claim to the commissioner for the moneys involved is not inconsistent with the position that the commissioner represented the bank and held the funds in special trust for the use and benefit of the district. The prayer, too, was in harmony with the theory of the district's complaint in asking that the moneys "so wrongfully" received by the bank should be decreed to be a trust fund in the hands of defendants Fralick and Scott as agents in charge of the bank, and that defendants be required to pay the sum prior to all charges and expenses of administration. It is true that there was a prayer that, if the trust could not be adjudged, then that a priority be established under the Banking Act, class 2, section 13, chapter 42, Laws Idaho 1921. But, as the court held that the provision of the Banking Act had no applicability to the deposits made by the district, and as the judgment upheld the trust fund theory, that part of the prayer was properly ignored by the state court, and should now be disregarded by this court.

[1] It cannot be doubted that the state court had power to entertain an action to recover the moneys from those into whose possession they had illegally passed, and to render a judgment that the moneys be repaid to the district without diminution, and that a lien be impressed upon all the assets of the bank. Had no supersedeas bond been given, execution could have issued against defendant, assuming to hold as commissioner (sections 6910, 6911, 6913, Comp. St. Idaho), or an order might have been issued against the commissioner assuming to hold the moneys as receiver, directing payment in satisfaction of the judgment. But, however that may be, the character of the judgment is not to be tested solely by ascertaining whether its enforcement could be by execution. Sections 6457, 7383, subd. 5, Comp. St. Idaho. In a money judgment it is not essential that a personal liability be imposed upon a defendant. A money judgment is one which adjudges the payment of a sum of money, as distinguished from one directing an act to be done or property to be transferred or restored. 2 Bouv. Law Dict. p. 2240.

What constitutes a judgment for the payment of money was considered in Fuller v. Aylesworth, 75 F. 694, where the Circuit Court of Appeals for the Sixth Circuit analyzed the character of a judgment rendered against the obligors on a supersedeas bond given to stay execution of a judgment against a county for a certain sum, to be collected by assessment of taxes upon certain lands in the county. The judgment recited that verdict had been rendered assessing plaintiff's damages in a fixed sum, and therefore that plaintiff should recover his damages with interest, and that a writ of mandamus should issue to the board of supervisors of the county, directing that the amount of damages, interest, costs, and charges should be levied and assessed on the lands benefited. Writ of error was allowed and the supersedeas bond was given. The Supreme Court (159 U. S. 250, 15 S. Ct. 1039, 40 L. Ed. 146) affirmed the judgment and issued a mandate, commanding that execution and proceedings be had according to right and justice and the laws of the United States.

The Circuit Court, upon receipt of the mandate, ordered that plaintiff have execution of his judgments and costs and interest, and take such other steps as he might be advised. Judge Taft met the question whether the judgment against the county was one for the recovery of money not otherwise secured, and, answering the argument that the judgment in reality was not one for money, but was merely an order of mandamus on county officials to make a levy upon certain lands, held that the theory on which judgment in such a case could be entered against the county was that the county became trustee, to apply a particular fund when collected to the payment of the debt, and therefore that judgment could be rendered against the county, to be paid out of a particular fund created by the levy of taxes on certain described lands. The court recognized that limitations upon the enforcement of the judgment did not detract from its character as a judgment for the recovery of money. Judge Taft said:

"A judgment against an executor, though it is de bonis testatoris, is none the less a judgment for the recovery of money. The fact that the judgment does not involve the personal liability of the defendant cannot affect its character as a money judgment. That is a money judgment which adjudges a defendant, either as an individual or in a representative capacity, absolutely liable to pay a sum certain to the plaintiff, and awards execution therefor, and which may be fully satisfied by the defendant by paying into

court the amount adjudged, with interest and costs. Thus tested, the original judgment rendered against Gratiot county was a money judgment, and it is not material that its enforcement was limited to process by taxation against certain lands in the county. * * * It is a judgment for money, which, not being enforcible except by mandamus, justifies the resort, under section 716, to this ancillary writ by way of executing the judgment for money." Cortez v. Superior Court, 86 Cal. 274, 24 P. 1011, 21 Am. St. Rep. 37; Robinson Norton Co. v. Corsicana Co., 126 Ky. 75, 102 S. W. 869.

Cases wherein decrees have been made in foreclosure and sales of mortgaged property are not pertinent, for, as held in Barnes v. Buffalo, etc., Co., 6 Idaho, 519, 57 P. 267, there can be no money judgment entered in a foreclosure suit, unless it should appear by the sheriff's return that the proceeds are not sufficient. If that does appear a judgment may be docketed for the balance.

[2] Appellant argues that the words "do have and recover" the specific sum named are ineffective, except to establish the amount of the district's claim upon the assets of the insolvent bank, that defendants were not made unconditionally liable for the payment of the amount, inasmuch as they were required to pay only in the event that sufficient funds for that purpose were not received from the assets of the insolvent bank, and that even from such funds they were not required to pay to the exclusion of all other claims against it, as other claims of "the same grade, class, character, and rank" were entitled to share equally with the district in the funds of the insolvent bank, if there were not enough for the payment of all. The contention cannot be upheld. A judgment that a plaintiff have and recover from a defendant a specified certain sum of money held in trust, with interest until paid, is a designation of the amount of recovery. If such a judgment is made a prior lien on all funds in the hands of a defendant, except as to any trust fund that may be established of the same class and rank as the fund named in the judgment, and it is found that there are other trusts of equal rank, then the judgment would not be paid in full out of the trust funds. That, however, would not affect the certain character of the judgment as one for the recovery of money.

In providing for the order of payment out of the general assets, the decree accorded with the doctrine upheld in State v. Bruce, 17 Idaho, 1, 102 P. 831, L. R. A. 1916C, 1, 134 Am. St. Rep. 245, that a preferential lien upon all assets exists in favor of the state for payment out of the liquidated assets of an insolvent bank. It follows, from what we have said, that the judgment rendered by the state court was within its jurisdiction as a court of equity, and a valid one for the payment of money.

[3, 4] That having been established, the rule is well settled that, when appeal was taken by filing the supersedeas bond stipulating for judgment against it under conditions named in the state statute, the guaranty company voluntarily made itself a party to the suit and submitted itself to the jurisdiction of the court. The decision of this court in Empire State-Idaho M. & D. Co. v. Hanley, 136 F. 99, citing many cases, is conclusive upon that proposition, and upon the further one that where a judgment has been affirmed by the Supreme Court and the condition of the supersedeas bond has thereby been broken, the liability of the sureties is fixed and on motion in the proper court, summary judgment may be rendered on the bond. Pease v. Rathbun, Jones Co., 243 U. S. 273, 37 S. Ct. 283, 61 L. Ed. 715, Ann. Cas. 1918C, 1147; Meredith v. S. C. M. Co., 60 Cal. 617; Portland, etc., Co. v. Havely, 36 Or. 234, 59 P. 466, 61 P. 346. In proceeding to render such judgment the court acted, not in the exercise of any special jurisdiction, but in a matter incidental to the main suit, to which the guaranty company had become a party and over which the court had jurisdiction. Toledo Scale Co. v. Computing Scale Co. (C. C. A.) 281 F. 488.

The appellant says there was no consideration for the bond, and upon that ground invokes the equitable principle that the collection of a judgment, which in good conscience ought not to be enforced, will be enjoined. The fundamental error underlying the contention is the assumption that the original judgment was not one directing the payment of money. The views expressed on that feature of the case inevitably lead to the conclusion that, as the state court had jurisdiction to enter a summary judgment against a surety upon such a supersedeas bond, the surety company, having become a party to the suit and submitted itself to the power of the court to adjudicate its liability upon the bond, was in court when the motion for judgment against the surety on the bond was made and acted upon.

[5] No fraud is pleaded by the plaintiff, but there is a suggestion that the judgment was awarded against the guaranty company without notice to it. A complete answer to that is that the undertaking executed embod-

ied the provisions of the statute (section 7155, supra), by containing a stipulation that, if the appellant in the case in the state court did not make payment awarded within 30 days, judgment might be entered after the filing of the remittitur, on motion of the district, in its favor and against the surety for the amount of the judgment, together with interest, damages, and costs awarded upon the appeal. Knowing the nature and character of the suit, and of the terms of the supersedeas bond defining the liability of the surety, and providing for judgment against it in the event the judgment in favor of the district should be affirmed by the Supreme Court of the state, it was the duty of the surety to keep itself advised of proceedings had in the Supreme Court, and afterwards had in the District Court, and to take any steps it might believe to be appropriate to protect any rights it might have. Where lack of diligence is so apparent, equity will not interfere with the judgment.

The judgment is affirmed.