## AMERICAN SURETY CO. OF NEW YORK v. BALDWIN et al.

### No. 1626.

District Court, D. Idaho, S. D.

July 31, 1931.

Richards & Haga, McKeen F. Morrow, Martin & Martin, and Frank Martin, all of Boise, Idaho, for plaintiff.

James F. Ailshie, Jr., and J. R. Smead, both of Boise, Idaho, for defendants.

CAVANAH, District Judge.

This is a bill for an injunction against the defendants and the sheriff of Ada county, Idaho, enjoining them from enforcing a judgment in favor of the defendants and against the plaintiff the American Surety Company, rendered by the state district court. The case is before the court upon the pleadings and showing on motion for a temporary injunction which relates to a history of the proceedings surrounding the steps taken by the parties from the inception of the suit out of which the judgment arose to the time of the institution of this action. The particu-

lar proceeding in which the judgment was rendered was by motion for judgment on a supersedeas bond executed by the plaintiff under section 7155, Idaho Compiled Statutes, and which judgment the plaintiff asserts is unconscionable, inequitable and void, and deprives it of its property without due process of law and denies it the equal protection of the law.

A federal court of equity is now asked to review those proceedings and by injunction stay further proceedings in the enforcement of the judgment. It presents the single question as to what extent does the power of the federal court extend when invoking its jurisdiction over proceedings had or pending in a state court, for the recognized principle will be kept in mind that if a state court has first assumed jurisdiction of the subject-matter of the cause and the parties by reason of an action pending there, or that the matters in controversy have been determined by the state court having jurisdiction of it and the parties, a federal court has no jurisdiction under the rule of comity of courts of concurrent jurisdiction to interfere with the jurisdiction of the court, or to review the merits of a controversy or annul the decrees of a court which had first obtained jurisdiction. Bearing then in mind this principle, with the further thought that the federal courts accept as controlling the decisions of the highest court of the state when interpreting the statutes of the state, we are confronted with the inquiry here: Do the facts alleged in the bill and presented on the showing bring the present case under the principles thus stated?

It appears that in May, 1928, the defendant commenced an action in the state district court against Ed. Anderson and the Singer Sewing Machine Company to recover damages for injuries alleged to have been sustained by Vivian F. Baldwin, and received a judgment against both Anderson and the sewing machine company in the sum of $19,500. An appeal was then taken to the Supreme Court of the state, and the supersedeas bond for $25,000 was given by the sewing machine company in accordance with section 7155 of the state statutes. Thereafter, in April, 1930, the Supreme Court of the state rendered its decision in the cause, and its remittitur went down to the trial court reciting that the judgment was reversed as to the Singer Sewing Machine Company and affirmed as to Anderson. The trial court then dismissed the cause as to the sewing machine company, and after the expiration of thirty days from the time the remittitur was filed the Baldwins by their attorneys moved in court, under section 7155, for the entry of a judgment against the plaintiff bonding company upon the supersedeas bond, which was done by the court on June 23, 1930. Three days thereafter, the plaintiff moved the trial court to vacate the judgment which was granted on August 12, 1930. An appeal was then taken from the order vacating the judgment by the defendants to the state Supreme Court, who in its decision reversed the order vacating the order and said:

"Many assignments of error are made, but so far as this appeal is concerned we deem it necessary to consider only those which challenge the ruling of the lower court to the effect that the judgment against the surety company on the undertaking was void. * * *

"We disclaim any intention or right to construe the legal effect of the undertaking in question further than to examine it in aid of determining the sole question of the court's jurisdiction to hear and determine the motion for judgment thereon.

"The surety company did not claim error, and appeal. It did not claim inadvertence or mistake. It challenged the court's jurisdiction and moved to set aside the judgment as void. The whole question here is a question of jurisdiction. Nothing further. Nothing else.

"If a court has jurisdiction of the parties, jurisdiction of the subject-matter, and jurisdiction of an issue of law or fact presented, then its judgment upon that issue is not void whether erroneous or not. Such judgment in the absence of mistake or, in a proper case, motion for new trial, may be corrected only by appeal. * * *

"Regarding notice: Where a supersedeas undertaking for stay of execution is filed pursuant to C. S. § 7155, it is held the surety becomes a party to the action, and if the judgment stayed by the undertaking is affirmed in whole or in part and remains unsatisfied for thirty days, the judgment creditor may move in the action for judgment on the undertaking against the surety, and it is unnecessary to give the surety company notice of such motion. * * *

"In the case at bar the only question presented to the court was as to right to judgment on the bond which was presented to the court by appellants in the manner provided by statute for the submission of that issue. This challenged judicial inquiry.

"The question or issue presented was: Did the surety company, in its undertaking, become a party liable for every part of the judgment appealed from which might be affirmed by the Supreme Court, or did it stipulate only as to such judgment or part thereof as might be affirmed against the Singer Sewing Machine Company? To answer this question the court must look to the bond. The issue required a construction of the bond as a whole. The trial court had jurisdiction of this question. It construed the bond in favor of appellants and against the surety company. It was not only in that court's power, but it was its duty, to decide the question submitted. * * * We think, regardless of what our construction of the bond might be, it cannot be said appellants held no right to submit the question. Nor can it be said that such submission was a fraud upon the court and on that ground its judgment was void.

"We find the trial court, upon the motion for judgment on the bond, had jurisdiction of the parties and jurisdiction of the subject-matter; that an issue was presented and it had jurisdiction to construe the undertaking and decide the issue which its judgment assumes to decide. It follows the judgment was not void, even if erroneous in the construction, and that the trial court committed error in annulling and vacating it as void." Baldwin et al. v. Anderson et al. (Idaho) 299 P. 341, 343.

Since the decision of the Supreme Court, plaintiff has taken appeals direct from the judgment and from an order denying the defendant surety company's motion to correct said judgment, which remain undisposed of. The statute, being section 7155, authorizing the entry of the judgment upon an undertaking on appeal has on many occasions been upheld as valid and not denying the surety of due process of law or equal protection of the law, upon the theory that the surety becomes a party to the suit by its voluntary appearance made when its supersedeas bond is filed, although notice is not given of the motion for the entry of the judgment after thirty days has elapsed from the date the primary judgment became final. Upon the primary judgment having become a final one, and the conditions of the supersedeas bond having been broken, the liability of surety is fixed, and, on motion, as provided for in the statute, summary judgment may be rendered on the bond. Pease v. Rathbun-Jones Co., 243 U. S. 273, 37 S. Ct. 283, 61 L. Ed. 715, Ann. Cas. 1918C, 1147; United States Fidelity & Guaranty Co. v. Ft. Misery Highway Dist. (9th C. C. A.) 22 F.(2d) 369; Portland, etc., Co. v. Havely, 36 Or. 234, 59 P. 466, 61 P. 346; Meredith v. S. C. M. Co., 60 Cal. 617; Shannon v. Dodge, 18 Colo. 164, 32 P. 61; United States Fidelity & Guaranty Co. v. Ft. Misery Highway District, filed in this court of date February 21, 1927, judgment affirmed (C. C. A.) 22 F.(2d) 369.

In proceedings to render such judgment, the lower court had jurisdiction of the subject-matter and the guaranty company. Toledo Scale Co. v. Computing Scale Co. (C. C. A.) 281 F. 488; United States Fidelity & Guaranty Co. v. Ft. Misery Highway Dist., supra.

Section 7152 of the statutes of the state gave to the plaintiff the same as every other litigant the right to appeal from the judgment and to urge its contention as made here, the erroneous conclusion of the lower court as to the effect of the bond and of the judgment being void, which gave to it ample redress at law on the law side of the court; and, therefore, under the statutes of the state and the decisions of the Supreme Court, plaintiff has had a plain, speedy, and adequate remedy at law which precludes the invoking of the jurisdiction of a court of equity. Donovan et al. v. Miller et al., 12 Idaho, 601, 88 P. 82, 9 L. R. A. (N. S.) 524, 10 Ann. Cas. 444; Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451. Nor is a court of equity open to the plaintiff because it failed to avail itself of its right of appeal from the judgment. Simonitsch v. Bruce (C. C. A.) 258 F. 331.

The contention that the judgment was entered by the trial court at chambers and not in open court is untenable and not sustained by the record, for the trial judge makes it clear in both his certificate and statement that it was entered in court.

The statute under which the judgment was entered being constitutional when applied to the plaintiff surety company, and the court having jurisdiction of both the subject-matter and the plaintiff, it would seem that the only remaining question is, Whether the judgment was obtained by fraud, accident, or mistake, unmixed with any fault or negligence of the plaintiff? The record seems to be silent as to any fact going to show that fraud was perpetrated upon the court in obtaining the rendition of the judgment. The allegation in the bill as to the obtaining of the judgment by fraudulent means is a conclusion and not a statement

of fact showing what the fraudulent acts were. A bill for relief on the ground of fraud must be specific, and the facts constituting it must be stated, however the showing presented does not establish any fraud of the conduct of counsel for defendants when he moved in open court the entry of the judgment or thereafter, for it appears that he appeared in open court when the judge was on the bench and moved under the statute the entry of the judgment and tendered form of judgment to the judge, who, after requiring authorities to be presented, took the matter under advisement, and thereafter entered the judgment. While there appears a sharp conflict between counsel as to whether the bond only secured the liability of the sewing machine company, whom plaintiff asserts was the only principal in the bond for which it was surety, yet all the facts fall far short in establishing fraudulent conduct of counsel in obtaining the rendition of the judgment.

Finally, the jurisdiction and right of a federal court of equity to restrain the enforcement of a judgment of a state court should not be exercised where it appears, as here, that the judgment was rendered by the state court having jurisdiction of the subject-matter and of the parties, and that the same was not obtained by fraud, accident, or mistake, and especially is that true after the highest court of the state had decided that the judgment was not void, but was rendered as authorized by the statutes, and that there are still pending in the Supreme Court two appeals in which the same question submitted here is being urged. The fact that there appears a dispute as to whether the bond, upon which the judgment was based, covers the liability of the plaintiff goes to the merits of the case, which the Supreme Court said was a judicial inquiry submitted to the trial court when the judgment was entered. It is not in the power of a federal court to review the conclusion reached by the state court having first assumed jurisdiction upon a question which goes to the merits of the case, although it may appear that such conclusion was erroneous. If such was not the rule, then the doctrine of comity between courts could never prevail, and confusion would exist between the decisions and processes of the federal and state courts.

These conclusions require the entry of an order sustaining the motions of the defendants to dismiss and strike, and denying plaintiff's motion for a temporary injunction, with costs.