Jorge Colón Meléndez, Petitioner, *v.* District Court of Ponce et al., Respondents.

No. 1538.   Argued December 6, 1943.—Decided January 12, 1944.

*Ramón G. Goyco* for petitioner.   *Leopoldo Rojas Flores* for respondent, defendant in the main action.

Mr. Justice De Jesús delivered the opinion of the court.

Eduardo Rivera Colón obtained a preliminary writ of injunction directed against Jorge Colón Meléndez to restrain him from further cultivating a certain farm the ownership of which was claimed by the plaintiff.  The preliminary injunction was issued upon the furnishing of a $500 bond, wherein the principal and sureties jointly and severally bound themselves to pay to defendant such damages as he might sustain by reason of the injunction in case it was finally decided that the plaintiff was not entitled to that remedy.  Subsequently a perpetual injunction was issued; but this court reversed the judgment and set aside the writ.  Thereupon, the defendant filed in the lower court, as an incident to the injunction suit, a motion entitled "Motion for Forfeiture of the Bond."  In said motion, after referring to the bond and alleging that he had suffered damages to the amount of $622, he prayed that the bond be forfeited.

The plaintiff objected on the ground that such a claim could only be enforced through a plenary suit in damages and not by motion, and the court upheld his contention.

Judging by the title of the motion and some of its allegations it would seem that defendant is under the impression that by the mere fact that he claims having sustained damages, he is entitled to recover the full amount of the bond by way of compensation just as if said bond had been furnished in a criminal case. It seems advisable to state that the defendant is only entitled to compensation for the damages actually suffered, and that in no case could a judgment against the sureties exceed the amount of the bond.

We have no doubt whatsoever that the defendant may, as held by the court, claim damages in a plenary suit. But this does not mean that he is precluded from claiming them by motion as an incident to the injunction suit. The Supreme Court of the United States has held that the sureties in a suit for injunction become quasi-parties to the proceeding and upon furnishing the bond subject themselves to the jurisdiction of the court in connection with such suit. *Babbitt* v. *Finn,* 101 U. S. 7, 15, cited with approval in *Pease* v. *Rathbun–Jones Eng. Co.,* 243 U. S. 273. So long as the principal and sureties are duly served with notice of the motion and have their day in court, the proceeding to assess the damages sustained complies with the due process clause.

The question raised by the plaintiff and upheld by the lower court has been frequently discussed by the Supreme Court of the United States in connection with injunction proceedings originating in the Federal courts. As is well known, prior to the approval of the Rules of Civil Procedure by said Supreme Court, the equity and law jurisdictions were kept separate in the Federal courts. Despite that separation, it has been repeatedly held by the Supreme Court of the United States that within an injunction proceeding, which is an equitable remedy, the defendant may enforce a

claim for the damages sustained by reason of said proceeding, although such a claim is of a legal character. Said Supreme Court has held that once a court of equity acquires jurisdiction over a case, it retains the jurisdiction to pass upon its incidents, although said incidents may be of legal rather than equitable nature. Said Court has also held that the better practice is to determine the question as an incident to the injunction suit, inasmuch as such a procedure is speedier and less costly for the parties, and that no practical purpose would be served by compelling them to resort to a separate action for damages. *Russell* v. *Farley,* 105 U. S. 433, 444; *Pease* v. *Rath–Jones Eng. Co., supra,* at page 278; and the more recent case of *Commission* v. *Brashear Lines* (1941), 312 U. S. 621, 629. And if this could be done in a court of equity, the more so could it be done in our district courts where no distinction between law and equity exists.

The decisions of this court cited by the lower court in support of its order are not in conflict with the rule which we have just stated. The case of *Quiñones* v. *American R. R. Co. of P. R.,* 17 P.R.R. 252, cited by the lower court, contains a *dictum* to the effect that the proceeding to be availed of for the purpose of recovering on the bond is an action for damages, and cites with approval an old case from California which so holds. But in the *Quiñones* case a cash security deposited by the plaintiff in the lower court was involved, and hence there were no personal sureties against whom any proceeding could be directed. And the case of *San Juan Racing & Sporting Club* v. *Castro et al.,* 38 P.R.R. 301, only holds that a defendant in an injunction proceeding who claims damages caused by said proceeding, may include in his claim the amount of attorney's fees which he may have had to pay in order to defend the suit for injunction. To the same effect are the decision in *Burgos* v. *Esteves,* 38 P.R.R. 396; *Heirs of Jiménez* v. *Cruz et al.,* 31 P.R.R. 242. In *Serrallés* v. *Saurí,* 44 P.R.R. 390, the question involved herein was not

724

discussed. Said case refers to the sort of damages which might be claimed against the principal and sureties. Lastly, we fail to see what application could the holding made in *Cintrón v. Ins. Ind. & Agr. Exp. Ass'n Inc.*, 58 P.R.R. 820, have herein.

In our judgment, the lower court erred in denying plaintiff's claim, upon the sole ground of his having failed to resort to an action for damages, separate from the principal suit for injunction.

Therefore, the order appealed from should be reversed and the cases remanded to the lower court for further proceedings not inconsistent with this opinion.

Mr. Justice Snyder did not participate herein.