Sandra **DANZY**, Plaintiff–Appellant,

v.

Elaine L. **CHAO**, Secretary U.S. Department of Labor,[*] Defendant–Appellee.

No. 04–6526–CV.

United States Court of Appeals, Second Circuit.

April 19, 2006.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Secretary of Labor Elaine L. Chao is automatically substituted for former United States Secretary of Labor Alexis M. Herman as defendant-appellee.

Sandra Danzy, Brooklyn, New York, for Plaintiff–Appellant, pro se.

Michael J. Goldberger and Steven Kim, Assistant United States Attorneys, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Defendant–Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROGER J. MINER, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff Sandra Danzy, *pro se*, appeals from a March 25, 2004 judgment of the United States District Court for the Eastern District of New York (Amon, *J.*) granting defendant's motion for summary judgment and dismissing plaintiff's claims for race discrimination and retaliation under Title VII, as well as her hostile work environment and defamation claims. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

With respect to the claim for race discrimination, defendant's motion for summary judgment is analyzed under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under that framework, Danzy must initially establish a prima facie case by showing that: (1) she belonged to a protected class; (2) she was qualified for her job; (3) she suffered an adverse employment action; and (4) the action took place under circumstances giving rise to an inference of discrimination. *See Roge v. NYP Holdings, Inc.,* 257 F.3d 164, 168 (2d Cir.2001). If Danzy does so, the burden of production then shifts to the defendant to offer evidence that the adverse employment action was not motivated by discriminatory animus. *See Patterson v. County of Oneida,* 375 F.3d 206, 221 (2d Cir.2004). If the defendant carries that burden, the burden shifts back to Danzy to show that the proffered reason for the adverse em-

ployment action is pretextual *Id.* "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.... " *Id.*

The district court correctly dismissed Danzy's discrimination claim. Even assuming, *arguendo,* that Danzy alleged cognizable adverse employment actions, Danzy has failed to proffer any evidence from which a jury could infer that those actions were taken for a discriminatory reason. Indeed, in her deposition testimony, Danzy disclaimed any connection between the alleged adverse employment actions and her race. As such, Danzy failed to establish a prima facie case of discrimination. Furthermore, even if Danzy *had* succeeded in satisfying this minimal initial burden, her claim still fails under *McDonnell Douglas,* because she did not proffer any evidence suggesting that the defendant's non-discriminatory reasons for the alleged adverse employment actions were mere pretext for discrimination.

Danzy's claim that she was retaliated against for filing a complaint with the Equal Employment Opportunity Commission ("EEOC") suffers from similar deficiencies. Again assuming, *arguendo,* that she has alleged adverse employment actions, she failed to adduce any evidence of a causal connection between those actions and the protected activity beyond her own allegations. Danzy, therefore, did not establish a prima facie case of retaliation, *see Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 173 (2d Cir.2005) (requiring, *inter alia,* evidence of "a causal connection between the protected activity and the adverse employment action" in order to establish a prima facie case of retaliation (internal quotation marks omitted)), and the district court properly dismissed her claim.

The district court correctly ruled on Danzy's remaining claims as well. Danzy failed to make out a hostile work environment claim as the actions she alleged concerned only annoyances and personal disagreements and are therefore insufficient to show that her work environment "was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." *Fairbrother v. Morrison,* 412 F.3d 39, 48 (2d Cir.2005) (internal quotation marks omitted). Similarly, Danzy did not state a valid defamation claim under the Federal Torts Claim Act, 28 U.S.C. § 2671 *et seq.,* as the United States has not waived sovereign immunity in suits alleging libel or slander, 28 U.S.C. § 2680(h) (excluding claims of libel and slander from sovereign immunity waiver).

On appeal, Danzy also argues that she has been "unfair[ly] ... treated from the onset of [her] case," because she "was never given that opportunity to speak about anything," and that although she "asked for a Jury trial and a pro se attorney to help" her, she was denied both. Assuming that these arguments are properly before us, we conclude that they lack merit. Disposal of a case by summary judgment does not violate a party's Seventh Amendment right to a jury trial, *see Pease v. Rathbun–Jones Eng'g Co.,* 243 U.S. 273, 278, 37 S.Ct. 283, 61 L.Ed. 715 (1917); and the Constitution does not provide a right to representation by counsel in a civil action, *see Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18, 26–27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.